JAMES McCOY, Employee, Plaintiff v. OXFORD JANITORIAL SERVICE COMPANY, Employer; JEFFERSON PILOT FIRE & CASUALTY INSURANCE, Carrier, Defendant

No. COA95-1095

(Filed 18 June 1996)

**Workers' Compensation § 238 (NCI4th)— employee's failure to make reasonable efforts to find work—sufficiency of evidence**

The evidence was sufficient to support the Industrial Commission's findings that the injured plaintiff did not intend to return to work, did not make reasonable efforts to find employment, and sabotaged defendants' efforts to help him obtain another job, and such findings supported the Commission's conclusion that plaintiff was not entitled to temporary total disability compensation after a certain date.

**Am Jur 2d, Workers' Compensation § 399.**

Appeal by plaintiff from Opinion and Award for the Full Commission entered 19 July 1995. Heard in the Court of Appeals 22 May 1996.

*Smith, Follin & James, L.L.P., by Seth R. Cohen, for plaintiff-appellant.*

*Teague, Campbell, Dennis & Gorham, by Dayle A. Flammia, for defendant-appellees.*

GREENE, Judge.

James McCoy (plaintiff) appeals an Opinion and Award for the North Carolina Industrial Commission (Commission) concluding that after 11 January 1993 he is no longer entitled to temporary total disability compensation.

On 21 June 1991 the plaintiff, Oxford Janitorial Service Company and Jefferson-Pilot Fire and Casualty (defendants) entered into an "Agreement for Compensation for Disability" (I.C. Form 21) (hereinafter Agreement) and the Agreement was approved by the Commission on 26 July 1991. It acknowledged that the plaintiff had sustained, on 30 April 1991, an injury "by accident arising out of and in the course of" his employment with Oxford Janitorial Service Company and that he sustained a disability as a consequence of the injury. At the time of his injury, plaintiff had been earning $240.00 a week, and pursuant to the Agreement, defendant was obligated to pay the plaintiff $160.00 a week. On 11 January 1993, the defendants requested permission to stop payment of compensation, which was denied and defendants thereafter requested a hearing.

At the hearing, James Seitz (Seitz), a senior vocational consultant, gave evidence concerning his attempts to find employment for plaintiff after the accident. The evidence showed that Seitz made numerous attempts to find plaintiff suitable employment, and in fact identified numerous jobs within plaintiff's restrictions. Several employers "indicated [they] would consider the [plaintiff] for job openings." One employer was "definitely" interested in hiring plaintiff at an hourly wage of $6.30. Another employer informed the plaintiff, that a part-time "job would be available for him" within thirty days but he was told by Seitz not to depend on it. Plaintiff "show[ed] a lack of motivation to develop a self-directed job search" and made only a "minimal effort" in making contacts with potential employers. Seitz

McCOY v. OXFORD JANITORIAL SERVICE CO.

[122 N.C. App. 730 (1996)]

felt plaintiff was "holding back" in his attempts at obtaining any type of employment. Plaintiff also put his own restrictions on potential jobs, such as where he would work, how much the job had to pay, and on one occasion, not wanting to start work until the first part of the year "because he had plans for the holiday season." Seitz also indicated that plaintiff was "highlight[ing]" certain aspects of his background, including his accident and physical problems, giving the impression to the employer that plaintiff "was not interested in going to work for him." Plaintiff brought out information that was not pertinent to the job, "that would lead an employer to be suspicious about an individual, to leave them with the impression that [he did not] want to work with them for whatever reason."

Dr. Giduz, treating plaintiff for depression, presented evidence that plaintiff remained totally disabled and was unable to work. The Commission, however, found Dr. Giduz's evidence to be not credible.

The Commission found that as of 11 January 1993 "it was clear that [plaintiff] did not intend to return to work. He did not make reasonable efforts to find employment and sabotaged defendants' efforts to help him obtain another job." The Commission concluded that because plaintiff "effectively refused suitable employment by not making a reasonable effort to find employment and by sabotaging defendants' efforts to help him find a different job," he was "not entitled to compensation after" 11 January 1993.

---

The issue is whether the defendant met its burden of rebutting the presumption that the plaintiff was disabled.

An employee in a workers' compensation claim is required to prove "that he is unable to earn the same wages he had earned before the injury, either in the same employment or in other employment." *Russell v. Lowes Prod. Distrib.*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993). Once, however, a "disability is proven there is a presumption that it continues until 'the employee returns to work at wages equal to those he was receiving at the time his injury occurred.'" *Radica v. Carolina Mills*, 113 N.C. App. 440, 447, 439 S.E.2d 185, 190 (1994) (quoting *Watson v. Winston-Salem Transit Auth.*, 92 N.C. App. 473, 476, 374 S.E.2d 483, 485 (1988)). The approval by the Commission of a Form 21 Agreement establishes the employee's disability and that disability continues until the employer shows that the employee is no longer disabled. *Stone v. G & G Builders*, 121 N.C. App. 671, 674, 468 S.E.2d 510, 512 (1996); *Dalton v.*

*Anvil Knitwear,* 119 N.C. App. 275, 284, 458 S.E.2d 251, 257, *disc. rev. denied and cert. denied,* 341 N.C. 647, 462 S.E.2d 507 (1995).

Once the employee establishes his disability (reduction in earning capacity), the employer has the burden of showing that "suitable jobs are available" and that he is capable of getting one of those jobs. *Tyndall v. Walter Kidde Co.,* 102 N.C. App 726, 732, 403 S.E.2d 548, 551, *disc. rev. denied,* 329 N.C. 505, 407 S.E.2d 553 (1991. If the employer presents this evidence, the employee must present either evidence disputing the evidence presented by the employer or "show that [he] had unsuccessfully sought such other employment." *Id.*

In this case, the signing of the Form 21 agreement established a presumption of the plaintiff's disability. The defendant then presented evidence that some jobs were available to the plaintiff and that he was capable of getting those jobs. The Commission concluded that these jobs were suitable and there are findings that support that conclusion in that they show that plaintiff was capable of performing the jobs "considering his age, education, physical limitations, vocational skills, and experience." *Burwell v. Winn-Dixie Raleigh,* 114 N.C. App. 69, 73, 441 S.E.2d 145, 149 (1994) (defining "suitable" employment). There is also evidence that at least one "suitable" job paid wages equivalent to or more than plaintiff's pre-injury wage of $240.00 a week. Therefore, defendants presented evidence successfully rebutting plaintiff's presumption of disability, and the burden shifted back to the plaintiff.

The Commission found that the plaintiff did not make a "reasonable effort to find employment" and because this finding is supported by the record, the plaintiff failed in his obligation to seek employment opportunities located by the employer and thus failed to satisfy his burden. The Opinion and Award of the Commission denying the plaintiff any section 97-29 compensation is therefore affirmed.

In so holding we reject any suggestion that the plaintiff is not entitled to any further benefits because he has violated section 97-32. The statute does provide that an employee is not entitled to any benefits if he "refuses employment procured [by his employer] for him suitable to his capacity." N.C.G.S. § 97-32 (1991). In this case, however, there is no evidence that the defendant "procured" any job for the plaintiff. There is only evidence that several jobs were identified by the defendant within the plaintiff's restrictions and that several employer's indicated they would consider hiring him.

KEWAUNEE SCIENTIFIC CORP. v. EASTERN SCIENTIFIC PRODUCTS

[122 N.C. App. 734 (1996)]

Affirmed.

Judges MARTIN, John C., and WALKER concur.