FELANDER McLEAN, PLAINTIFF v. EATON CORPORATION, EMPLOYER, SELF-INSURED, (GAB BUSINESS INCORPORATED), DEFENDANT

No. COA96-331

(Filed 18 February 1997)

1. **Workers' Compensation § 297 (NCI4th)— refusal to accept job—effect of psychological injuries**

   The Industrial Commission erred by determining, pursuant to N.C.G.S. § 97-32, that plaintiff's refusal to accept a job offered by defendant employer was unjustified without making additional findings regarding the impact plaintiff's psychological injuries had on his wage-earning capacity where plaintiff sustained severe injuries to his left hand in a work-related accident; the Commission found that plaintiff's depression and stress disorder were caused by his accident at work; and there was evidence that plaintiff's psychological injuries prevented him from accepting the job.

   **Am Jur 2d, Workers' Compensation § 399.**

2. **Workers' Compensation § 285 (NCI4th)— psychological injury—compensation for scheduled injury—election by claimant**

   The Industrial Commission's opinion and award effectively denied plaintiff benefits to which he may be entitled under

McLEAN v. EATON CORP.

[125 N.C. App. 391 (1997)]

N.C.G.S. § 97-29 or N.C.G.S. § 97-30 where the Commission awarded permanent disability compensation solely for plaintiff's scheduled injury to his hand under N.C.G.S. § 97-31, plaintiff also suffered psychological injuries, and the Commission failed to assess whether N.C.G.S. § 97-29 or N.C.G.S. § 97-30 would provide him a more munificent remedy. Plaintiff should have been given the opportunity to elect the section or sections which provided him with the best monetary remedy. Any recovery plaintiff obtains under N.C.G.S. § 97-29 or N.C.G.S. § 97-30 may be in addition to any recovery he elects to receive under N.C.G.S. § 97-31 for the scheduled injury to his hand.

**Am Jur 2d, Workers' Compensation § 383.**

Judge WALKER dissenting.

Appeal by plaintiff from Opinion and Award of the North Carolina Industrial Commission filed 7 November 1995. Heard in the Court of Appeals 3 December 1996.

*Ben E. Roney, Jr. for plaintiff-appellant.*

*Maupin Taylor Ellis & Adams, P.A., by Jeffrey R. Gilbert and Steven M. Rudisill, for defendant-appellee.*

LEWIS, Judge.

While employed with defendant, plaintiff sustained severe injuries to his left hand in a 21 March 1992 work-related accident. On 15 January 1993, plaintiff and defendant entered into a Form 21 Agreement which was approved by the North Carolina Industrial Commission ("Commission"). Pursuant to this agreement, plaintiff began receiving compensation for temporary total disability.

Beginning in February 1993, plaintiff was treated by a psychiatrist for major depressive disorder and later for post-traumatic stress disorder. Upon the psychiatrist's referral, he attended counseling and therapy sessions. On 2 July 1993, plaintiff filed a Form 33 Request for Hearing regarding defendant's refusal to pay for psychiatric treatment. Defendant offered plaintiff a job as a touch-up painter beginning 20 September 1993, but plaintiff refused the position.

On 10 January 1994, a hearing was held before Deputy Commissioner Bernadine S. Ballance on plaintiff's Form 33 request. At the hearing, Deputy Commissioner Ballance noted that the parties

were proceeding on additional issues, including the extent of plaintiff's temporary total disability. On 20 January 1995, the deputy commissioner approved the psychiatric treatment and found defendant's refusal to authorize such treatment unreasonable. She also found that plaintiff was temporarily and totally disabled from 21 March 1993 through the date of the hearing and continuing until he was able to return to work or until the Commission granted defendant permission to cease the temporary total disability payments. She further found that plaintiff's refusal to accept the offered employment was justified due to his psychological disorders. Although she found that he suffered a 100% permanent loss of his hand, she reserved the issue of permanent disability for later determination.

Defendant appealed to the full Commission which adopted in part and modified in part the deputy commissioner's findings and conclusions. The Commission found that plaintiff's major depressive disorder and post-traumatic stress disorder were causally related to his 21 March 1992 injury. It approved the treatment provided by his psychiatrist and counselor as medical expenses, finding that defendant's refusal to authorize this treatment was unreasonable. The Commission further concluded that plaintiff's refusal to return to work was unjustified, determined that he was not entitled to temporary total disability after 20 September 1993, and awarded him 100% permanent disability for the loss of his left hand. Plaintiff appeals.

[1] Plaintiff first contends that the Commission erred by determining, under N.C. Gen. Stat. section 97-32, that his refusal to accept the job offered by defendant was unjustified without making additional findings regarding the impact his psychological injuries had on his wage-earning capacity. We agree.

N.C. Gen. Stat. section 97-32 provides: "If an injured employee refuses employment procured for him *suitable to his capacity* he shall not be entitled to any compensation at any time during the continuance of such refusal, unless in the opinion of the Industrial Commission such refusal was justified." N.C. Gen. Stat. § 97-32 (1991) (emphasis added). The plain language of this statute requires that the proffered employment be suitable to the employee's capacity. If not, it cannot be used to bar compensation for which an employee is otherwise entitled. *See Peoples v. Cone Mills Corp.*, 316 N.C. 426, 444-45, 342 S.E.2d 798, 810 (1986). In fact, before the Commission determines, in general, that a plaintiff is employable and can earn wages, it must determine that he "can obtain a job taking into account his specific disabilities." *Bridges v. Linn-Corriher Corp.*, 90 N.C. App.

McLEAN v. EATON CORP.

[125 N.C. App. 391 (1997)]

397, 401, 368 S.E.2d 388, 390, *disc. review. denied*, 323 N.C. 171, 373 S.E.2d 104 (1988). In addition, if an employee suffers a compensable injury and the injury causes an emotional disturbance which renders him unable to work, he is entitled to compensation for total incapacity under N.C. Gen. Stat. section 97-29. *Fayne v. Fieldcrest Mills, Inc.*, 54 N.C. App. 144, 146, 282 S.E.2d 539, 540 (1981), *disc. review denied*, 304 N.C. 725, 288 S.E.2d 380 (1982). Here, the Commission found that plaintiff's depression and stress disorder were caused by his 21 March 1992 injury at work. However, it made no findings regarding his wage-earning capacity, and it did not determine whether his psychological problems affected his ability to do the job offered him. Yet, there is evidence in the record that plaintiff's psychological injuries prevented his accepting the job.

Under these circumstances, the following additional findings and conclusions are needed: (1) the impact, if any, his psychological injuries had on his wage-earning capacity; (2) the period of time, if any, during which his psychological injuries prevented him from earning wages; (3) whether the job offered to him was suitable to his capacity, taking into account both the loss of his hand and any psychological disability he has sustained; and (4) what disability compensation, if any, he is entitled to receive for his psychological injuries. Since the omitted findings and conclusions were crucial for assessment of his right to compensation, the case must be remanded. *See Morgan v. Industries, Inc.*, 2 N.C. App. 126, 131-32, 162 S.E.2d 619, 623 (1968).

Although these errors require remand, we also address an additional matter raised by plaintiff since it may well again be a factor. *See Little v. Food Service*, 295 N.C. 527, 531, 246 S.E.2d 743, 746 (1978).

**[2]** Plaintiff asserts that the Commission's award of permanent disability under N.C. Gen. Stat. section 97-31 deprived him of his right to elect a remedy under N.C. Gen. Stat. section 97-30.

"[A] claimant who is entitled to benefits under either G.S. section 97-31 or G.S. section 97-30 may select the more munificent remedy." *Gupton v. Builders Transport*, 320 N.C. 38, 42-43, 357 S.E.2d 674, 678 (1987). A similar election is available as between G.S. sections 97-31 and 97-29. *See id.* at 41, 357 S.E.2d at 677 (citing *Whitley v. Columbia Lumber Mfg.*, 318 N.C. 89, 348 S.E.2d 336 (1986)).

The Commission awarded permanent disability compensation solely for plaintiff's scheduled injury to his hand under G.S. 97-31 without assessing whether G.S. 97-29 or G.S. 97-30 would provide him

McLEAN v. EATON CORP.

[125 N.C. App. 391 (1997)]

a more munificent remedy. Its failure to make findings regarding his wage-earning capacity compounded this error.

Granted, such findings and conclusions are not required when only scheduled injuries under G.S. 97-31 are involved because "[l]osses included in the schedule are conclusively presumed to diminish wage-earning ability." *See Harrell v. Harriet & Henderson Yarns*, 314 N.C. 566, 575, 336 S.E.2d 47, 53 (1985). However, this approach is inadequate for any psychological disability suffered by plaintiff because psychological injuries are not compensable under the G.S. 97-31 schedule. *See Hill v. Hanes Corp.*, 319 N.C. 167, 176, 353 S.E.2d 392, 397-98 (1987). Rather, his psychological injuries are compensable, if at all, under G.S. 97-29 or G.S. 97-30. *Id.* at 176, 353 S.E.2d at 398. Wage-earning capacity is critical to the assessment of a plaintiff's entitlement to benefits under these sections. *See Grant v. Burlington Industries, Inc.*, 77 N.C. App. 241, 251, 335 S.E.2d 327, 332 (1985).

The Commission's opinion and award effectively denied plaintiff benefits to which he may be entitled under G.S. 97-29 or G.S. 97-30. When the Commission again considers the issue of plaintiff's permanent disability, he should be given the opportunity to elect the section or sections which provides him with the best monetary remedy. Any recovery he obtains under G.S. 97-29 or G.S. 97-30 may be in addition to any recovery he elects to receive under G.S. 97-31 for the scheduled injury to his hand. The "in lieu of" clause in G.S. 97-31 does not bar recovery under other statutory sections in regard to injuries not covered by the schedule. *Hill*, 319 N.C. at 176, 353 S.E.2d at 398.

Given our disposition of these issues, we find it unnecessary to address plaintiff's remaining contentions.

Reversed and remanded.

Judge SMITH concurs.

Judge WALKER dissents.

Judge WALKER dissenting.

I respectfully dissent after reviewing the testimonies of Dr. Scott Levin, plaintiff's orthopedic and reconstructive surgeon; Ms. Lynn Boddie, vocational rehabilitation counselor, who assisted plaintiff; and Dr. Robert Fleury, a psychiatrist who treated plaintiff's post trau-

matic stress disorders following the accident, as well as the evidence from the defendant-employer that defendant was offered a job beginning 20 September 1993 in another area of the plant. This and other evidence established that the defendant-employer met its burden thereby permitting the Commission to properly find that the "plaintiff did not justifiably refuse this offered position which was suitable to his capacity to earn wages." See McCoy v. Oxford, 122 N.C. App. 730, 471 S.E.2d 662 (1996), and Franklin v. Broyhill, 123 N.C. App. 200, 472 S.E.2d 382 (1996). I would affirm the Opinion and Award of the Commission.