The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Lorrie L. Dollar and the briefs and oral arguments on appeal. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award except for some minor modifications and the revision of Conclusion of Law (1).
* * * * * * * * *
EVIDENTIARY RULING
Following the hearing before Deputy Commissioner Dollar, the depositions of Andrea Stutesman, M.D., and Maher F. Habashi, M.D., were received into evidence. The objection raised therein in the deposition of Dr. Habashi is ruled upon in accordance with the law and this Opinion and Award.
* * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in the Form 21 Agreement for Compensation, which was approved by the Commission on 5 October 1993 and in the Pre-Trial Agreement, which was filed on 9 February 1996, which are incorporated herein by reference, and at the hearing on 19 November 1996 as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and an employment relationship existed between the parties.
2. Defendant is a duly qualified self-insured with Key Risk Management Services, Inc., as the servicing agent.
3. Plaintiff sustained an admittedly compensable injury by accident on 13 August 1995, following which the parties entered into a Form 21 Agreement for Compensation.
4. Plaintiff's average weekly wage was $280.00 which yields a weekly compensation rate of $186.68.
5. The issues for determination are:
 a. Whether plaintiff unjustifiably refused the boarder job on or about 27 January 1995;
 b. Whether plaintiff is entitled to additional compensation.
6. The parties stipulated the following documents into evidence.
a. Medical and Rehabilitation Reports;
b. I.C. Forms 19, 21, 24, with attachments; and
c. A 21 March 1996 letter from Dr. P. E. Brown.
* * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the injury giving rise to this claim, plaintiff was employed by defendant as a sample tub operator. His duties involved standing, bending to get socks from tubs, putting dye in the machine, and reaching to run samples of socks. The machine was top or front loading, with no lid, and was similar to a washing machine without a lid. The run of sample socks ranged from five to up to twenty-five pounds, depending on the number of samples to be run.
2. Also at that time, plaintiff was a thirty-one year old male with a ninth grade education, who was able to read a newspaper and to write. He sustained a non-work-related herniated disc at L5-S1, for which he underwent a diskectomy in 1988.
3. On 13 August 1993, plaintiff fell down several steps at work en route to the break room. He was initially sent to Dr. Hart, the company doctor, where he diagnosed plaintiff with a sprained right wrist, contusion of the right lateral rib cage and arm, and acute lumbosacral strain. Plaintiff was released to return to work with a ten to fifteen pound lifting restriction and no repetitive bending.
4. Plaintiff was referred on 25 August 1993 to Dr. Michael Nicks, an orthopedist, who diagnosed him with a recurrent herniated disc at L5-S1, and who authorized continued restricted work. An MRI on 15 September 1993 confirmed the recurrent disc problem.
5. Dr. P. E. Brown, who was in practice with Dr. Nicks, provided plaintiff with a note to return to his regular job with a ten to twenty pound lifting restriction.
6. On 16 December 1993, plaintiff underwent surgery by Dr. Brown, and was referred to Dr. Andrea Stutesman on 16 February 1994 to begin work hardening, where he continued in therapy until 2 May 1994.
7. Plaintiff reported to Dr. Stutesman on 1 March 1994 that he had fallen after his leg gave way. Thereafter, rehabilitation staff found that plaintiff was able to sit up with a full back flexion from a supine position with no apparent pain which was in sharp contrast to his behavior when he is aware of being observed.
8. Plaintiff was seen by Dr. William R. Griffin, Jr., of Charlotte Orthopedics for an independent medical evaluation on 18 May 1994, at which time Dr. Griffin found evidence of symptom magnification, and he recommended a multidisciplinary review to help plaintiff reach maximum medical improvement.
9. On 24 June 1994, plaintiff was seen, upon his request, by another physician for an independent medical evaluation by Dr. Michael Nesbit of the Nalle Clinic. Dr. Nesbit found no significant functional neurological abnormalities except for some weakness of the right foot dorsiflexors, and he diagnosed lumbosacral and right lower extremity fibrositis. Dr. Nesbit recommended a structured full day therapy program, since the prior work hardening had not been successful.
10. During July and August of 1994, plaintiff failed to undergo work hardening and did not undertake the functional capacity evaluation.
11. Dr. Stutesman found plaintiff to be at maximum medical improvement on 8 November 1994, with a twelve and one-half percent permanent partial impairment rating to his back.
12. Defendant-employer offered plaintiff either a sock-boarder or the washer jobs on 27 January 1995. Plaintiff did not accept either job.
13. Defendant filed a Form 24 Application, which was approved by the Commission on 31 July 1995, with payments terminated as of 27 January 1995, due to plaintiff's refusal to complete work hardening or to attend the functional capacity evaluation.
14. Plaintiff is capable of climbing into and driving a large truck, opening a car hood, squatting and bending to work on a car headlight for approximately thirty minutes with no visible signs of discomfort, walking about unassisted, and spraying the truck.
15. The Form 24 was properly approved based upon plaintiff's sabotaging rehabilitative efforts, including work hardening and the functional capacity evaluation. Furthermore, plaintiff's effort to conceal his abilities exhibits his unwillingness to cooperate with the treatment.
16. Plaintiff's refusal to return to work offered by defendant on 27 January 1995 was unjustified in light of the medical restrictions, and the approval of these jobs by Dr. Stutesman as being suitable to those restrictions.
17. Plaintiff has made no effort to obtain work since the work-related injury. Therefore, he has failed to carry the burden of proof to show any wage earning capacity after the admittedly compensable injury.
* * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has failed to carry the burden of proving that he is entitled to either temporary total or temporary partial compensation after defendant has successfully rebutted the presumption that plaintiff remained disabled as the result of his injury.
G.S. § 97-29; G.S. § 97-30.
2. Plaintiff is entitled to compensation for the twelve and one-half percent permanent partial impairment rating to his back. G.S. § 97-32(23).
3. Plaintiff is not entitled to have benefits restored under the Act due to his deliberate sabotage of rehabilitative efforts and his unjustified refusal to accept work suitable to his restrictions. McCoy v. Oxford Janitorial Service,122 N.C. App. 730, 471 S.E.2d 662 (1996).
* * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Subject to a reasonable attorney's fee herein approved, defendant shall pay thirty-seven and one-half weeks of permanent partial disability compensation to plaintiff at the rate of $186.68 per week. Said compensation has accrued and shall be paid in a lump sum.
2. A reasonable attorney's fee of twenty-five percent of compensation awarded in paragraph (1) herein is approved to be deducted from sums due plaintiff and shall be paid directly to counsel.
3. Defendant shall pay the costs, including an expert witness fee of $180.00 to Maher F. Habashi, M.D., and $180.00 to Andrea Stutesman, M.D.
 S/ ____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ____________ DIANNE C. SELLERS COMMISSIONER
S/ ____________ COY M. VANCE COMMISSIONER