The Full Commission has reviewed the Deputy Commissioner's Opinion and Award based on the record of the proceedings before the Deputy Commissioner; the appealing party has shown good grounds to reconsider the evidence and having reviewed the competent evidence of record, the Full Commission hereby reverses the Opinion and Award of the Deputy Commissioner.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between employee-plaintiff and defendant-employer at all relevant times herein.
3. Royal SunAlliance Insurance Companies is the carrier on the risk.
4. Plaintiff's average weekly wage was calculated to be $1,043.00, which results in the maximum compensation rate of $560.00.
 ***********
Based on the competent evidence of record, the undersigned makes the following:
 FINDINGS OF FACT
1. Plaintiff began working for defendant-employer on July 12, 1999.
2. Plaintiff was employed as a truck driver.
3. Plaintiff claims to have been injured on his first day of work with defendant-employer.
4. According to Witness Judy Martinez, plaintiff indicated that his back was hurting when he filled out the paper work to become employed with defendant-employer.
5. Witness Pat Michael walked into the truck yard on July 14, 1999, and saw plaintiff holding his back.
6. Witness Michael asked plaintiff how he had hurt his back. Plaintiff stated that he did not know but that it had been hurting for several days before becoming employed with defendant-employer.
7. Witness John Stigall saw plaintiff in defendant-employer's parking lot on July 16, 1999, and plaintiff indicated his back had been hurting and that he had hurt it on another job.
8. Plaintiff last worked for defendant-employer on July 22, 1999, after being employed for only 10 days.
9. Plaintiff treated with Greensboro Urgent Care on July 22, 1999, for back pain, but did not mention that his pain was related to any work activity.
10. Plaintiff treated with Greensboro Urgent Care on July 27, 1999, where he was diagnosed with HNP at L5-S1. Again no mention of a work place injury was noted.
11. Plaintiff explained that he did not inform his health care providers that his condition was caused by an injury at work and that he did not immediately report the injury to his employer because he did not want to rock the boat and was afraid that the report of the injury, which he initially believed would be minor or temporary, would affect plaintiff's continued employment at his recently acquired job. Plaintiff's testimony, when coupled with the testimony of his treating physician that the herniation was acute and there was no scar tissue, is accepted as credible.
12. Ernest Botero, M.D., explained that plaintiff had a herniated disc at L5-S1 with a free fragment on the left side. Dr. Botero, M.D., opined and the Full Commission accepts that plaintiff's injury was related to the incident at work while lifting the dolly. Although Dr. Botero, on cross-examination, conceded that the injury could have a different origin, the fact that plaintiff had never received medical attention for his back prior to the alleged incident at work, that plaintiff successfully completed defendant-employer's pre-employment test drive and was able to bend over and lift on the job before the incident in question, and that there was no scar tissue, indicates that the injury was of a recent origin and that the herniated disc most likely occurred when plaintiff was attempting to move the dolly at work. The Full Commission, therefore, accepts plaintiff's claim as compensable.
13. Plaintiff's herniated disc was surgically repaired on August 13, 1999. Plaintiff has a normal recovery, until October 1999, when plaintiff sustained a recurrent herniated disc which required a second surgery. There is no evidence that the recurrent disc was due to causes other than the injury at work on July 12, 1999, and the treatment for that injury.
14. Plaintiff was determined to have reached maximum medical improvement on April 27, 2000, and was given a 20% impairment rating to the back.
15. Plaintiff worked from July 12, 1999, through July 22, 1999. Plaintiff went out from work on July 23, 1999, after consulting with his doctor. Plaintiff was released to return to work by Dr. Botero on February 17, 2000, with restrictions listed in the Functional Capacity Examination. The FCE report from Moses Cone Health System Rehabilitation Center reports that plaintiff can perform light duty physical demand level in accordance with the Dictionary of Occupational Titles. There was no evidence that plaintiff could return to his former employment with this work restriction, and, to the contrary, the evidence concerning the lifting of the dolly indicates that his work for defendant-employer exceeded the light duty work restriction.
 ***********
Based upon the foregoing stipulations and findings of fact, the undersigned makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff has sustained a compensable injury to his low back which includes a herniated disc at L5-S1 that arose out of a specific incident in the course of his employment. G.S. § 97-2(6).
2. Plaintiff is entitled to receive total temporary disability at the rate of $560.00 per week from July 23, 1999, through April 27, 2000. G.S. § 97-29.
3. Plaintiff is entitled to receive the greater of benefits pursuant to Sections 97-29, 97-30, or 97-31 for the period after April 27, 2000, in accordance with the evidence and the Workers' Compensation Act.McLean v. Eaton Corp., 125 N.C. App. 391, 481 S.E.2d 289 (1997). If the parties are not able to reach agreement concerning the appropriate benefits, they may seek dispute resolution on this issue by filing a Form 33.
4. Plaintiff is entitled to have defendants pay for plaintiff's medical care reasonably required to effect a cure, give relief, or lessen the period of disability, subject to the limitations of Section 97-25.1. G.S. § 97-2(19), § 97-25.
5. Plaintiff's attorney is entitled to recover reasonable attorney's fees in the amount of 25%.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay plaintiff temporary total disability benefits at the rate of $560.00 per week for the period from July 23, 1999, through and including April 27, 2000. These benefits have accrued and are payable in a lump sum, subject to the attorney's fees awarded below.
2. Defendants shall pay plaintiff the greater of benefits pursuant to Sections 97-29, 97-30, or 97-31 for the period after April 27, 2000, in accordance with the evidence and the Workers' Compensation Act. If the parties are not able to reach agreement concerning the appropriate benefits, they may seek dispute resolution on this issue by filing a Form 33.
3. Plaintiff's counsel is entitled to receive attorney's fees in the amount of 25% of the amounts awarded to plaintiff in paragraphs 1 and 2 of this Award. For benefits that have accrued and are payable in a lump sum, defendants shall withhold one-fourth of the recovery from plaintiff and pay this sum directly to plaintiff's counsel. Should plaintiff be entitled to continuing benefits, defendant shall pay every fourth check to plaintiff's counsel.
4. Defendants shall pay for reasonable and necessary medical care for plaintiff's compensable injury when the bills have been submitted pursuant to Commission procedure.
5. Defendants shall pay the costs.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER