***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner with modification of the payment of benefits.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On 11 November 1999, an employment relationship existed between plaintiff-employee and defendant-employer.
3. On 11 November 1999, defendant-employer was self-insured with Gallagher Basset Services acting as Third-Party Administrator.
4. Plaintiff's medicals regarding this claim are admitted into evidence as Stipulated Exhibit #2 and include the following providers:
a. Catawba Memorial Hospital;
b. Carolina Orthopaedic Specialists; and
c. Dr. Hans Hansen.
5. An Industrial Commission Form 22 is admitted into evidence as Stipulated Exhibit #3.
6. Defendant's Responses to plaintiff's Interrogatories and Request for Production are admitted into evidence as Stipulated Exhibit #4.
7. Plaintiff's Responses to defendant's Interrogatories and Request for Production plus two Supplementary Responses are admitted into evidence as Stipulated Exhibit #5.
8. The deposition of Dr. John dePerczel is admitted into evidence.
9. The issues to be determined by the Commission are whether plaintiff sustained a compensable injury by accident on 11 November 1999; and, if so, to what, if any, benefits is he entitled.
Subsequent to oral arguments before the Full Commission, plaintiff filed a motion to take a second deposition of Dr. dePerczel. Defendant filed a response to the motion. At this time, in light of the decision reached by the Full Commission, plaintiff's motion is DENIED.
 * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner with some modifications and finds as follows:
 FINDINGS OF FACT
1. On 11 November 1999 plaintiff was a forty-seven year old male employed by defendant-employer as a delivery person. Plaintiff's job entailed distribution of steel and drywall or sheetrock to a job site. Plaintiff had been employed in this capacity since August 1997.
2. Sheetrock is shipped two pieces per package. The pieces come in multiple sizes ranging from four feet by eight feet to eight feet by fourteen feet. The packages range in weight from approximately 95 pounds to 200 pounds.
3. Plaintiff made several deliveries per day, assisted by a co-worker. On 11 November 1999 while lifting a load of sheetrock, plaintiff felt a pain similar to an electric shock go through his back.
4. Plaintiff finished working that day, went home afterwards and retired early to bed. Plaintiff awoke on 12 November 1999 and his back hurt and felt swollen. When plaintiff reported for work on 12 November 1999, a supervisor asked him why he was walking funny. Plaintiff reported he woke up with back pain but did not report the specific lifting incident from the previous day.
5. Plaintiff was unable to complete his shift on 12 November 1999 due to the pain and a co-worker drove plaintiff to Catawba Memorial Hospital Emergency Room. Plaintiff reported that he did a lot of lifting at work but did not report any specific injury, just that he awoke that morning and his back was "out". The emergency room diagnosed low back strain and prescribed medication.
6. Plaintiff was out of work the week of 15 November 1999 and returned to work on 22 November 1999. Plaintiff worked 23, 24, 29 and 30 November 1999. Plaintiff was terminated on 2 December 1999 for not calling in prior to missing work. Plaintiff testified that he had previously been tardy and absent from work and no disciplinary action was taken against him. Marion Burrell, defendant-employer's operations supervisor, testified that other employees had been given incremental discipline rather than termination for absenteeism. Therefore, the evidence failed to show that plaintiff was terminated for misconduct for which a nondisabled employee would have been discharged.
7. When plaintiff's back pain did not improve, he received physical therapy from Catawba Memorial beginning 8 December 1999. A 10 December 1999 lumbar spine x-ray noted disk disease at L4-5 and L5-S1 and possible spinal stenosis. A 27 December 1999 MRI showed an annular bulge at L2-3 towards the right with some effect on the thecal sac on the right, a small right paracentral protrusion at L3-4 and a prominent central and left paracentral protrusion at L4-5, and no spinal stenosis. The MRI also showed bulging and nerve root impingement at L5-S1.
8. When conservative treatment failed and plaintiff's pain worsened, he sought treatment from Dr. John dePerczel, an orthopaedic surgeon, on 6 January 2000. Plaintiff reported pain since lifting sheetrock at work on 11 November 1999. Dr. dePerczel treated plaintiff with a steroid injection to the spine and anti-inflammatories.
9. When this treatment did not improve plaintiff's pain, Dr. dePerczel performed surgery on 6 March 2000. This surgery consisted of decompression of the L3-4 and L4-5 levels on the right side.
10. Following the surgery, plaintiff received relief from his leg pain but continued to have some back pain and soreness. On 24 May 2000 plaintiff reached maximum medical improvement but a retained a fifteen percent permanent partial disability to his back.
11. Plaintiff experienced some back pain prior to 11 November 1999. In 1998 plaintiff sought treatment for back pain and was excused from work for three days following a back strain. However, after this incident, plaintiff returned to full duties and did not miss work as a result of back pain again until 12 November 1999.
12. Plaintiff also sought treatment in the emergency room on 1 November 1999 for burning upon urination. Plaintiff did not complain of back pain at that time. The greater weight of the evidence is this 1 November 1999 visit to the emergency room is unrelated to the 12 November 1999 visit.
13. The greater weight of the evidence indicates that plaintiff injured his back at work on 11 November 1999 while lifting sheetrock. Plaintiff had some degenerative disk disease prior to 11 November 1999, but the lifting incident allowed the disk to collapse further causing an acute onset of worsening stenosis or narrowing which created the pressure on the nerve. It is not uncommon for someone to wake up with pain after some time has allowed the disk to settle into position. The Full Commission declines to reverse the Deputy Commissioner's credibility determination and finds plaintiff's testimony credible.
14. As a result of plaintiff's work-related injury, he was unable to work or earn wages from 12 November 1999 through 7 August 2000. Dr. dePerczel released plaintiff to work on 24 July 2000 with restrictions of no repetitive lifting over 50 pounds and no occasional lifting over 75 pounds. Defendant-employer had only one job within plaintiff's restrictions which was filled by another employee and not available at the time of plaintiff's release to return to work.
15. Plaintiff began working for a janitorial service on 7 August 2000, working on average three hours per day, three days per week at the rate of $8.00 per hour. Plaintiff continues to be treated by Dr. dePerczel and to take pain medication.
16. Plaintiff's average weekly wage pursuant to the Industrial Commission Form 22 was $461.23, yielding a compensation rate of $307.50 per week.
 ***********
Based upon the findings of fact and conclusions of law, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 11 November 1999 plaintiff sustained a compensable injury to his back arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. As a result of plaintiff's compensable injury, plaintiff was disabled and is entitled to receive total disability compensation from 12 November 1999 through 7 August 2000, with a deduction for the wages earned on 12, 22, 23, 24, 29 and 30 November 1999. N.C. Gen. Stat. § 97-29.
3. As a result of plaintiff's compensable injury, plaintiff was partially disabled and is entitled to receive partial disability compensation of two-thirds of the difference between his average weekly wage and any wages earned beginning 8 August 2000 for 300 weeks from the date of injury on 12 November 1999, or until he returns to work earning wages equal to his pre-injury wages. N.C. Gen. Stat. § 97-30.
4. Plaintiff has sustained a fifteen percent permanent partial disability to his back. N.C. Gen. Stat. § 97-31.
5. Plaintiff is entitled to elect the more munificent remedy between N.C. Gen. Stat. § 97-30 and § 97-31. McLean v. Eaton Corp.,125 N.C. App. 391, 481 S.E.2d 289 (1997).
6. Plaintiff is entitled to have defendant provide all medical treatment arising out of plaintiff's compensable injury to the extent it tends to effect a cure, give relief or lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay to plaintiff total disability compensation at the rate of $307.50 per week from 12 November 1999 until 7 August 2000, with a deduction for the wages earned on 12, 22, 23, 24, 29 and 30 November 1999. This amount has accrued and shall be paid in a lump sum, subject to a reasonable attorney's fee approved below.
2. Defendant shall pay to plaintiff partial disability compensation of two-thirds of the difference between his average weekly wage and any wages earned beginning 8 August 2000 for 300 weeks from the date of injury on 12 November 1999 or until he returns to work earning his pre-injury wages. The portions of this amount which have accrued shall be paid in a lump sum, subject to a reasonable attorney's fee approved below.
3. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff is hereby approved for plaintiff's counsel and shall be paid as follows: twenty-five percent of the lump sum due plaintiff and thereafter the equivalent of every fourth check shall be paid directly to plaintiff's counsel.
4. Defendant shall pay all medical expenses incurred by plaintiff as a result of his compensable injury on 11 November 1999 for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or give relief or lessen plaintiff's disability.
5. Defendant shall pay the costs.
This the ______ day of March 2002.
 S/_____________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/_____________________________ THOMAS J. BOLCH COMMISSIONER
S/_____________________________ CHRISTOPHER SCOTT COMMISSIONER
LKM/mhb