SHIRLEY D. FAYNE, EMPLOYEE, PLAINTIFF v. FIELDCREST MILLS, INC., EMPLOYER, DEFENDANT

No. 8110IC110

(Filed 6 October 1981)

**Master and Servant § 66— workers' compensation—injury causing emotional disturbance—incapacity to work—entitled to compensation**

If an employee receives an injury which is compensable and the injury causes her to become so emotionally disturbed that she is unable to work, she is entitled to compensation for total incapacity under G.S. 97-29. Therefore, where plaintiff suffered from a severe neurotic depressive reaction which made her unable to work, there was evidence her emotional condition was directly related to and caused by a back injury plaintiff suffered during the course of her employment, this was evidence which would support an award for compensation for total incapacity.

APPEAL by defendant from order of North Carolina Industrial Commission entered 24 November 1980. Heard in the Court of Appeals 3 September 1981.

The plaintiff injured her back on 18 May 1976. The defendant stipulated that the accident in which the plaintiff received her in-

jury occurred while she was employed by the defendant and that the physical damage to the back is compensable under the Workers' Compensation Act. The dispute in this case is whether the plaintiff is entitled to compensation for an injury on account of certain mental problems she has suffered since the accident. At a hearing before Deputy Commissioner John Charles Rush, the deposition of Dr. B. R. Ashby, a psychiatrist, was introduced into evidence. Dr. Ashby testified in answer to a hypothetical question that the plaintiff had "been suffering from a severe neurotic depressive reaction, which has caused her to have significant impairment from a psychological and emotional point of view, which in my opinion has made her unable to work." He testified further: "I think that there is a strong likelihood or probability that her depressive reaction is related to her injury and subsequent surgery" and that there is a causal relationship between the accident and surgery and the depressive reaction. He also testified that in his opinion she had not reached maximum improvement. The defendant introduced into evidence a report by Dr. W. J. Grant, III, a psychiatrist, which stated that he classified her depression as a compensation neurosis and that she is unable to work because of her depression. The report also stated that the plaintiff is in the lower three percent of the population in intellectual capacity and as "would an eleven year old child, she expected the doctor to 'make it well' after her alleged injury at work in 1976. She has been unable to comprehend the ensuing complex, and confusing course of events."

Deputy Commissioner Rush found facts based on the evidence, including a finding of fact that the "emotional condition of the plaintiff is directly related to and was caused by the back injury the plaintiff sustained on May 18, 1976." He concluded she was temporarily totally disabled and awarded compensation accordingly. On appeal, the Industrial Commission modified the order of Deputy Commissioner Rush by reserving the question of whether the plaintiff may be entitled to compensation for permanent total disability, and adopted the order as modified. The defendant appealed.

*Smith, Patterson, Follin, Curtis, James and Harkavy, by Henry N. Patterson, Jr., for plaintiff appellee.*

*Smith, Moore, Smith, Schell and Hunter, by Gerard H. Davidson, Jr., Suzanne Reynolds, and J. Donald Cowan, Jr., for defendant appellant.*

WEBB, Judge.

It has been held in this state that if an employee receives an injury which is compensable under the Workers' Compensation Act and as a result of pain and suffering from this injury he becomes so deranged that he commits suicide, the death is compensable under G.S. 97-38. *Petty v. Transport, Inc.*, 276 N.C. 417, 173 S.E. 2d 321 (1970) and *Thompson v. Transfer Co.*, 48 N.C. App. 47, 268 S.E. 2d 534 (1980). We believe under the holdings of these cases that if an employee receives an injury which is compensable and the injury causes her to become so emotionally disturbed that she is unable to work, she is entitled to compensation for total incapacity under G.S. 97-29.

In this case Dr. Ashby testified that the plaintiff was suffering from a severe neurotic depressive reaction which made her unable to work. In his opinion "there is a strong likelihood or probability that her depressive reaction is related to her injury and subsequent surgery" and he considered it a causal relationship. Deputy Commissioner Rush found as a fact that the "emotional condition of the plaintiff is directly related to and was caused by the back injury the plaintiff sustained on May 18, 1976." We hold that the evidence supports this finding of fact, and the finding of fact supports the award of compensation to the plaintiff under the rule of *Petty* and *Thompson*.

The appellant contends that the Commission was in error for several reasons. It says first that in order for Mrs. Fayne's depression to be compensable, it must be a compensable injury under some provision of the Workers' Compensation Act. The defendant also contends that the depression was not an injury that occurred in the course of employment. *See Bartlett v. Duke University*, 284 N.C. 230, 200 S.E. 2d 193 (1973) for a discussion of accidents that occur in the course of employment. We believe that *Petty* and *Thompson* have answered both of these contentions adversely to the defendant. In order to reach the results of those

two cases, the court in each case had to hold that an abnormal mental condition is compensable if it is caused by a compensable injury. The court in each case also had to hold that the injury occurred in the course of employment.

The defendant also contends that when a person seeks compensation for a mental disability there must be unequivocal medical testimony to establish the causal connection between the accident and the mental condition. In *Petty* the psychiatrist testified that in his opinion "the injury . . . could have contributed to the mental condition . . ." and "if Petty suffered great pain it could have contributed to an emotional condition such as depression, particularly if the pain was chronic and he saw no end or solution to it." Our Supreme Court held this was sufficient evidence to support a finding of fact that the injury caused the mental derangement which caused the suicide. We believe the testimony of Dr. Ashby as to the causation of Mrs. Fayne's mental condition by her injury meets the test of *Petty*.

The defendant also contends the plaintiff's claim for mental distress is not compensable because the mental distress was not caused by pain and suffering but by her frustration in not recuperating from the operation. We do not believe this distinction makes a difference.

Affirmed.

Judges VAUGHN and ARNOLD concur.