DORIS ANN BURROW, EMPLOYEE-PLAINTIFF v. HANES HOSIERY, INC.,
   EMPLOYER, AETNA LIFE AND CASUALTY INSURANCE COMPANY,
   CARRIER-DEFENDANTS

No. 8310IC136

(Filed 7 February 1984)

Master and Servant § 77.1— workers' compensation—insufficient evidence of
   change of condition
       Plaintiff failed to show a change of condition after an award for perma-
   nent partial disability so as to entitle her to additional compensation where un-
   disputed evidence showed that plaintiff's pain has not worsened since the final
   award of permanent partial disability; the three physicians who believed that
   plaintiff was unable to work at the initial hearing and still unable to work at
   the second hearing attributed her incapacity to earn to her pain; at the second
   hearing the only evidence of a change in plaintiff's condition was an increase in
   her depression and fear of surgery; and neither fear nor depression were given
   as causes of plaintiff's disability.

       Judge PHILLIPS dissenting.

APPEAL by defendants from order of North Carolina In-
dustrial Commission entered 1 September 1982. Heard in the
Court of Appeals 12 January 1984.

On 9 March 1979 plaintiff sustained an injury to her right lit-
tle finger arising out of and in the course of her employment with
defendant Hanes Hosiery, Inc. Hanes and its insurance carrier,
defendant Aetna Life and Casualty Insurance Company, admitted
liability and agreed to pay temporary total disability compensa-
tion for a period of two weeks. At a hearing to consider additional
compensation, Chief Deputy Commissioner Shuford heard the
testimony of five physicians who were treating plaintiff. Based
upon the testimony of Dr. Kenneth G. Tomberlin, an orthopedic
surgeon, Chief Deputy Commissioner Shuford found that plaintiff
suffered a 75 percent permanent partial disability of the right
fifth finger and a 15 percent permanent partial disability of the
upper right extremity. This latter rating included pain which
plaintiff had in her chest wall. The chest pain began after plaintiff
underwent a cervical-dorsal sympathectomy in August 1979 as
part of her treatment.

Chief Deputy Commissioner Shuford further found that a sec-
ond operation would most likely relieve plaintiff's chest and arm

pain, but that this surgery had not been performed because of plaintiff's "fear, nervousness and apprehension of another surgical procedure." He ordered that plaintiff be awarded compensation of $115.38 per week for a period of 51 weeks commencing 5 September 1980 and all medical expenses incurred as a result of her injury. Defendants were ordered to pay expert witness fees.

The Full Commission adopted the opinion and award of Chief Deputy Commissioner Shuford and added:

Nothing herein shall be construed to determine the rights of the parties after February 17, 1981. This matter is hereby RESET in Winston-Salem to be heard in due course to determine the rights of the parties after February 17, 1981.

On 14 December 1981 this rehearing was held before Deputy Commissioner Sellers. In her opinion and award filed 1 February 1982 she found that plaintiff's pain was decreased to some extent by surgery in April 1981. She further found:

3. Plaintiff continues to complain of constant pain, yet has refused additional surgery due to a fear that surgical complications might arise during such surgery.

4. At the hearing, no witness, including the plaintiff, testified that plaintiff's condition or pain had in any way worsened since the February 17, 1981 hearing.

Deputy Commissioner Sellers concluded that plaintiff had not shown any change in her condition since Chief Deputy Commissioner Shuford rated her disability; and that this former rating is binding and prevents plaintiff from any additional rating of disability.

On appeal the Full Commission vacated and set aside Deputy Commissioner Sellers' ruling, and concluded that plaintiff had sustained a change of condition. They awarded her temporary total disability compensation of $115.38 beginning 28 August 1981 and continuing until there was a change of condition. The Commission based their opinion and award on the following findings of fact:

1. Following plaintiff's accident, she was treated by Dr. Kenneth Tomberlin, orthopedic surgeon, Dr. Jack Billings, family practitioner, Dr. Albert Glod, general and thoracic

surgeon, Dr. Ernesto de la Torre, neurosurgeon, and Dr. Henry E. Branham, Jr., psychiatrist.

2. Plaintiff underwent a cervical-dorsal sympathectomy in August 1979. Since that time, she has experienced pain in the right side of the thorax, four or five inches wide upper portion, including the lower half of the breast extending from about the fourth thoracic vertebra and horizontally around the front of the chest.

3. Dr. de la Torre performed an operation in 1981 called a rhizotomy. He cut three or four nerve routes going to the right side of the area where the pain was. After the operation, plaintiff's back was in so much pain, and she felt that the pain in the arm and chest had improved at first, but later realized the pain was not relieved. In addition to the pain, she had a band of numbness below the band of pain. Dr. de la Torre suggested further surgery, but after two bad experiences plaintiff has had with surgery, she does not want to take the chance of further surgery.

4. Plaintiff was treated by Dr. Jack Billings prior to February 17, 1981, and he has continued to treat her since that date, on August 4, September 1, September 30, October 28, November 25, and December 9, 1981. Dr. Billings has been unable to control the pain with medication. The pain is of moderate to severe intensity. Dr. Billings feels that plaintiff is now totally disabled.

5. Plaintiff has been treated by Dr. Henry Branhan, Jr., a psychiatrist. His opinion is that previous surgery has had a rather deleterious effect on plaintiff's emotional status. She now feels helpless and hopeless. Plaintiff's depression is worse than it was in February 1981. She lost all hope after the right rhizotomy did not work. Dr. Branhan does not recommend any further surgery.

6. Plaintiff has sustained a change of condition since February 17, 1981 and is now totally disabled as a result of her injury by accident on March 9, 1979 with defendant employer.

The defendants appeal.

*Harper, Wood and Brown, by William Z. Wood, Jr., for plaintiff-appellee.*

*Womble, Carlyle, Sandridge & Rice, by Keith W. Vaughan, for defendant-appellants.*

ARNOLD, Judge.

Defendants assign error to the award of additional compensation to plaintiff for a change of condition. We agree that neither the evidence presented at the 17 February and 14 December 1981 hearings nor the findings of fact in the 1 September 1982 opinion and award of the Full Commission show a change of condition occurring after the final award of permanent partial disability compensation. The award of temporary total disability beginning 28 August 1981 and continuing until there is a change of condition is reversed.

A change of condition for purposes of G.S. § 97-47 has been defined by the North Carolina Supreme Court in *Pratt v. Upholstery Co.*, 252 N.C. 716, 115 S.E. 2d 27 (1960):

> Change of condition "refers to conditions different from those existent when the award was made; and a continued incapacity of the same kind and character and for the same injury is not a change of condition . . . the change must be actual, and not a mere change of opinion with respect to a pre-existing condition." 101 C.J.S., Workman's Compensation, sec. 854(c), pp. 211-2 . . . . Change of condition is a substantial change, after a final award of compensation, of physical capacity to earn and, in some cases, of earnings.

*Id.* at 722, 115 S.E. 2d at 33-34. An examination of the testimony presented at the hearing before Chief Deputy Commissioner Shuford and at the subsequent hearing before Deputy Commissioner Sellers reveals no evidence which would support a finding of a substantial change of physical capacity to earn.

At the initial hearing Drs. Billings, de la Torre and Branham all testified that in their opinion plaintiff was unable to return to work because of the intensity of her pain. Dr. Tomberlin testified that in his opinion plaintiff was able to return to work on 12 March 1980; and that she had a permanent partial disability of

her right little finger and upper extremity. Chief Deputy Commissioner Shuford chose to adopt Dr. Tomberlin's opinion, and awarded plaintiff permanent partial disability compensation.

At the later hearing before Deputy Commissioner Sellers, Drs. Billings, de la Torre and Branham again testified. Dr. Billings indicated that plaintiff had obtained some relief from her pain after having surgery in April 1981, but that in his opinion she was totally disabled because of the remaining pain. Dr. de la Torre testified that he performed the April 1981 surgery; that this surgery did not make plaintiff's pain any worse and that her pain was disabling. Dr. Branham, a psychiatrist, testified that since February 1981 he had been treating plaintiff for pain, depression and anxiety; and that her fear of surgery and her depression were worse. He testified that in his opinion plaintiff was 100 percent disabled because "[t]he pain is of such a nature that the least movement or the least pressure or performance of any kind of duties that Mrs. Burrow does, creates an intensification of the pain." He noted that the nature and severity of plaintiff's present pain was the same as before the April surgery. Dr. Tomberlin did not testify at this second hearing.

Plaintiff argues that the Full Commission's finding that her depression is worse than it was in February 1981, is sufficient to support the conclusion that there has been a change of condition. She cites this Court's decision in *Fayne v. Fieldcrest Mills, Inc.*, 54 N.C. App. 144, 282 S.E. 2d 539 (1981), *disc. rev. denied*, 304 N.C. 725, 288 S.E. 2d 380 (1982), affirming the award to an employee who injured her back at work and subsequently became depressed. This case is clearly distinguishable from the matter on appeal, because there was competent evidence that Fayne's inability to work was caused by her depression. One psychiatrist testified that Fayne had "been suffering from a severe neurotic depressive reaction which has caused her to have significant impairment from a psychological and emotional point of view, which in my opinion has made her unable to work." *Id.* at 145, 282 S.E. 2d at 539. Another psychiatrist indicated that "he classified her depression as a compensation neurosis and that she is unable to work because of her depression." *Id.* at 145, 282 S.E. 2d at 539.

The record on appeal contains undisputed evidence that plaintiff's pain has not worsened since the final award of perma-

In re Assessment of Taxes Against Village Publishing Corp.

nent partial disability compensation; and that the three physicians who believed that plaintiff was unable to work at the initial hearing and still unable to work at the second hearing attributed her incapacity to earn to her pain. At the second hearing the only evidence of a change in plaintiff's condition was an increase in her depression and fear of surgery. Neither fear nor depression were given as causes of plaintiff's disability and are therefore insufficient to show a substantial change of physical capacity to earn.

In light of our decision, we need not discuss defendants' alternative assignments of error. The opinion and award of the Full Commission is reversed and the case is remanded to the Full Commission with orders for it to enter an opinion consistent with this Court's opinion.

Reversed and remanded.

Judge JOHNSON concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In my opinion the record supports the opinion and award of the Full Commission, and my vote is to affirm it.