EARNEST L. BREWINGTON, EMPLOYEE, PLAINTIFF v. RIGSBEE AUTO PARTS,
EMPLOYER, AETNA LIFE & CAS. INS., CARRIER, DEFENDANTS

No. 8310IC786

(Filed 19 June 1984)

**Master and Servant § 56— workers' compensation—accident not cause of paralysis**

A finding by the Industrial Commission that a work-related accident did
not cause plaintiff's paralysis was supported by the evidence where it was
stipulated that there was no organic basis for plaintiff's paralysis; psychiatric
testimony tended to show that plaintiff suffered from "conversion hysteria,"
that plaintiff's fall at work was a "triggering opportunity for gratification of
previously unmet dependency needs," and that the feelings and emotions caus-
ing plaintiff's conversion disorder were not related to his employment; and
plaintiff testified that he felt good about his job and enjoyed what he was do-
ing.

APPEAL by plaintiff from the North Carolina Industrial Com-
mission. Opinion and award by Full Commission filed 2 May 1983.
Heard in the Court of Appeals 2 May 1984.

This is a workers' compensation claim wherein plaintiff-
employee seeks medical benefits, temporary total disability, and
total permanent disability for injuries allegedly suffered in an ac-
cident arising out of and in the course of his employment.

Plaintiff worked for Rigsbee Auto Parts, salvaging cars. On
30 March 1981, while removing a heavy gasoline tank from one of
the cars, plaintiff's foot slipped. He felt something snap in his
back and fell to the ground, landing on his back. At that time,
plaintiff felt a numbness or pinching in his lower back. When he
got in his truck, he felt a severe pain in his lower back when he
depressed the clutch. He drove the truck back to the shop area, a
distance of one mile, without using the clutch to change gears by
switching the ignition on and off. He walked into the shop and
then to his own car, where he ate his lunch. After eating lunch,
defendant called to Mr. Rigsbee to help him out of the car be-
cause he was in pain and unable to move his legs. Mr. Rigsbee
called the Rescue Squad who then took plaintiff to Wake County
Memorial Hospital.

Doctors at Wake County Memorial Hospital found no out-
ward sign of physical injury and no other abnormal physical con-
dition to explain plaintiff's pain. X-rays of plaintiff's spine were

normal. Plaintiff was transferred to North Carolina Memorial Hospital that same day. There, examination of plaintiff revealed no injury to the spinal cord, no abnormalities in a myelogram test, and no evidence of hemorrhages in plaintiff's spinal fluid. An extensive battery of tests revealed no physical basis for paralysis; in fact, plaintiff had reflexes in his ankles which indicated that his paralysis and numbness did not have an anatomic basis. Nevertheless, plaintiff's paralysis persisted. A psychiatrist at North Carolina Memorial Hospital indicated that plaintiff was suffering from a "conversion reaction." A conversion reaction occurs when there is no anatomic basis for a set of physical symptoms; the physical symptoms originate in the brain and have as their basis some underlying conflict (such as the need to gratify unmet dependency needs or the need to express anger). This diagnosis was confirmed by Dr. Scarborough, another psychiatrist, after his examination of plaintiff. Plaintiff has stipulated that there is no organic basis for his paralysis.

Since plaintiff's discharge from North Carolina Memorial Hospital, his paralysis has continued and he spends most of the day in a wheelchair. In October of 1982, Deputy Commissioner Shepherd denied plaintiff benefits under the Workers' Compensation Act, concluding that the accident caused no physical injury to plaintiff and that his paralysis was not caused by the accident. On 2 May 1983, the Full Commission adopted and affirmed Deputy Commissioner Shepherd's decision denying plaintiff's claim. Plaintiff appeals.

*Blanchard, Tucker, Twiggs, Denson & Earls, by Christine Y. Denson and Howard Twiggs, for plaintiff-employee.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by C. Ernest Simons, Jr. and Steven M. Sartorio, for defendants.*

EAGLES, Judge.

Plaintiff assigns as error the Industrial Commission's failure to find that plaintiff's disability was causally related to plaintiff's accident at work on 30 March 1981. Plaintiff contends that there is no evidence in the record to support the Commission's finding of fact that plaintiff's condition was not caused by the accident on 30 March 1981. We do not agree.

Findings of fact made by the Commission are conclusive on appeal when supported by competent evidence, even when there is evidence to support a contrary finding of fact. *Walston v. Burlington Industries*, 304 N.C. 670, 285 S.E. 2d 822 (1982). We must therefore determine whether there is competent evidence to support Deputy Commissioner Shepherd's Finding of Fact Number 6 which was adopted by the Full Commission. It reads:

> The incident which occurred at work on 30 March 1981 did not *cause* plaintiff's condition, but instead provided an "opportunity for gratification of [his] previously unmet dependency needs," Plaintiff's Exhibit 1, and allowed him to let out feelings of anger which were difficult for him to express in any other way. There is no evidence that the nature of the accident or the fact that it occurred at work peculiarly contributed to the condition and symptoms which plaintiff now experiences.

The testimony of Dr. Walter A. Scarborough, Jr., a psychiatrist who examined plaintiff on two occasions, showed: that his diagnosis was that plaintiff suffered from "conversion hysteria"; that conversion hysteria is a loss of physical functioning that cannot be explained by a physical disorder but enables the individual to get support from his environment that he might not otherwise be getting; that the initial loss of function in a conversion disorder is the expression of unresolved emotional conflicts (the "primary gain"); that the continuing loss of function is a reaction to the gains the individual accrues as a result of the symptom, i.e., the support and care he receives (the "secondary gain"); that plaintiff's fall at work was a "triggering opportunity for gratification of previously unmet dependency needs"; and that the feelings and emotions causing plaintiff's conversion disorder here were *not related to his employment*. Plaintiff's own testimony was that he felt good about his job at Rigsbee and enjoyed what he was doing. We hold that this was competent evidence to support the Commission's Finding of Fact Number 6 (that the accident did not cause plaintiff's paralysis) and that this finding of fact was conclusive. *Walston, supra.* The fact that plaintiff's fall at work was a "precipitating" or "triggering" event for his conversion disorder does not, without more, establish causation.

Because we hold that there was competent evidence to support the Commission's finding of fact that the 30 March 1981 acci-

dent did not cause plaintiff's condition, we need not reach the issue of whether plaintiff's condition is a compensable injury.

The Opinion and Award of the Industrial Commission is

Affirmed.

Chief Judge VAUGHN and Judge BRASWELL concur.