STATE OF NORTH CAROLINA v. SHEILA RENEE BURGESS

No. COA98-1001

(Filed 17 August 1999)

## 1. Evidence— videotaped interview—second-degree murder—felony child abuse—no prejudicial error

The trial court did not commit prejudicial error in a felony child abuse and second-degree murder case when it allowed the State, over objection, to show a videotape of a televised interview of defendant-mother where the news reporter's commentary cast doubt on defendant's account of the events because: (1) the interview was initiated by defendant; (2) the trial court gave a limiting instruction on the videotape and ordered the jury to disregard the news reporter's commentary; (3) defendant, during her own testimony, corroborated most of the information contained in the television interview; and (4) defendant has admitted that the first story was not true and has failed to show how she was prejudiced by the fact that the news reporter did not believe her false story.

## 2. Evidence— character—State's case-in-chief—felony child abuse—second-degree murder—opened the door

The trial court did not err in a felony child abuse and second-degree murder case when it allowed the State to put defendant-mother's character into evidence during its case-in-chief because defendant opened the door to the State's subsequent questions concerning her character for violence by attempting to paint a picture of herself as a good mother during the cross-examination of a neighbor.

## 3. Sentencing— child abuse—aggravating factor—"very young"—not a necessary element

The trial court did not err in a felony child abuse and second-degree murder case when it found as an aggravating factor, on the felony child abuse conviction, that the three-week old infant victim was "very young" because this finding was not a necessary element to prove felonious child abuse.

Appeal by defendant from judgments entered 17 April 1998 by Judge Catherine C. Eagles in Guilford County Superior Court. Heard in the Court of Appeals 12 May 1999.

*Attorney General Michael F. Easley, by Assistant Attorney General Anita LeVeaux-Quigless, for the State.*

*William G. Causey, Jr. and Assistant Public Defender Susan Burch, for defendant-appellant.*

HUNTER, Judge.

Defendant appeals her conviction for felony child abuse and second-degree murder of her infant child, Cheyenne Summer Kelly ("Cheyenne"). Briefly, the evidence presented at trial tended to show that defendant, one of eight children, dropped out of high school when she was fifteen years old and pregnant. Her father died that same year. She had four children by four different men before she turned twenty-two and was once married to an older man who physically assaulted her. She abused both alcohol and cocaine. At the time of the incident, defendant lived with her boyfriend, Robbie Patton ("Patton"), in High Point, North Carolina with her then three-week old daughter, Cheyenne. Her other three children were in the custody of the North Carolina Department of Social Services.

On 23 November 1997, defendant took Cheyenne to a bar near her home where she was seen drinking excessively. At approximately 12:30 a.m., defendant was seen leaving the bar with the child who seemed fine. Defendant testified that when she returned home, she caught her boyfriend, Patton, kissing the landlord's daughter and they began arguing. During the argument, Patton grabbed Cheyenne and began shaking her. Defendant grabbed the child and fell on her as she tried to escape from Patton. When Patton left, defendant testified that Cheyenne was fine. She fell asleep on the couch with Cheyenne resting on her stomach, but when she awoke the next morning at 7:00 a.m., Cheyenne was bruised and unresponsive. Initially, defendant repeatedly claimed that Cheyenne fell off her chest and was injured. At trial, however, she claimed that Patton caused the injuries and then asked her to lie to law enforcement officials on his behalf since he was on parole. Patton's testimony differed from defendant's. He denies arguing with defendant and shaking Cheyenne. He testified that defendant smoked pot, took anti-depressants and enjoyed drinking.

On the morning of 24 November 1997, Patton drove defendant, defendant's mother and Cheyenne to High Point Regional Hospital. Cheyenne was immediately transported to Brenner's Childrens' Hospital where she died on 27 November 1997 from severe brain trauma. Numerous physicians and hospital personnel testified that Cheyenne's injuries were not consistent with defendant's story but were the result of having been repeatedly violently shaken. They were an extreme example of the "shaken baby syndrome" and were not the result of an accidental fall. Many believed the injuries occurred only hours before Cheyenne was seen at the hospital. This theory was corroborated by the pathologist.

Defendant was indicted on 20 January 1998 for felony child abuse and second-degree murder. Her case was tried 13 April 1998 in Guilford County Superior Court and defendant was found guilty as charged. The trial judge found in aggravation that the victim was very young and in mitigation that the defendant's age and immaturity at the time of the commission of the offense significantly reduced her culpability. However, the judge then found that the aggravating factors outweighed the mitigating factors and sentenced defendant to 196-245 months for second-degree murder and 31-47 months for felony child abuse, the sentences to run consecutively. Defendant appealed.

[1] In her first assignment of error, defendant contends the trial court erred in allowing, over objection, the State to show a videotape of a televised interview of defendant. During the interview, taken at defendant's request at her home, the news reporter made several comments that cast serious doubt on defendant's story and, during the commentary, left the distinct impression that she did not believe defendant's account of the events occurring on 24 November 1997. Eventually the trial court gave a limiting instruction on the videotape and told the jury to disregard the news reporter's commentary. Defendant argues that the biased videotaped interview merely duplicated earlier testimony, it undermined her credibility, lacked probative value and was highly prejudicial to her defense pursuant to Rule 403. We disagree.

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C.R. Evid. 401. Rule 403 of the North Carolina Rules of Evidence provides that even relevant evidence may

be excluded if its probative value is substantially outweighed by its prejudicial effect. Whether the evidence should be excluded is a decision within the trial court's discretion. *State v. Robertson,* 115 N.C. App. 249, 444 S.E.2d 643 (1994). "Hence, the trial court's decision will not be disturbed, unless it 'is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision.' " *State v. McDonald,* 130 N.C. App. 263, 267, 502 S.E.2d 409, 413 (1998) (*quoting State v. Hennis,* 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988)).

In the case *sub judice,* defendant, after contacting the news station, proceeded to tell the same story she had repeatedly told health care professionals in the emergency room, pathologists, social workers, law enforcement officers and her mother. Later, after talking to a defense attorney, defendant recanted this story. We find the first description of the story as told to her family, police, doctors and the news reporter to be relevant to show how she lied consistently concerning the cause of the injuries leading to Cheyenne's death.

However, assuming *arguendo* that it was error to admit the videotape, we hold it was not prejudicial in light of the other evidence properly admitted at trial. First, the interview was initiated by defendant. Second, we note that the court gave a limiting instruction on the videotape and later ordered the jury to disregard the commentary of the news reporter. Third, defendant, during her own testimony, corroborated most of the information contained in the televised interview. Finally, defendant has admitted that the first story was not true and has failed to show how she was prejudiced by the fact that the news reporter did not believe her false story. In light of the court's limiting instruction, we cannot find that the trial court's decision permitting the State to introduce the videotape was an unreasoned one. We discern no error.

[2] Next, defendant contends the trial court erred in allowing the State to put defendant's character into evidence during its case-in-chief in violation of N.C.R. Evid. 404(b). Rule 404(b) provides that evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. Defendant asserts that the State was erroneously allowed, over objection, to present specific instances of violent conduct by defendant (use of baseball bat in fight with Patton and breaking all the windows in Patton's car) to prove defendant's character for vio-

STATE v. BURGESS

[134 N.C. App. 632 (1999)]

lence in order to show the likelihood that she shook her child to death on 24 November 1997. We disagree.

Our review of the transcript indicates that defendant opened the door to the State's subsequent questions concerning defendant's character for violence. During the State's case-in-chief, defendant, upon cross-examination, asked a neighbor, Betty Phillips, if defendant was a good mother and kept the baby clean; asked Officer Morris of the High Point Police Department if defendant's family had a history of abuse; and asked Patton if defendant kept a clean house. In rebuttal, the State presented evidence that, contrary to the picture being painted by the defense, defendant was not a good mother.

> "[T]he law wisely permits evidence not otherwise admissible to be offered to explain or rebut evidence elicited by the defendant himself. Where one party introduces evidence as to a particular fact or transaction, the other party is entitled to introduce evidence in explanation or rebuttal thereof, even though such latter evidence would be incompetent or irrelevant had it been offered initially."

*State v. Hudson*, 331 N.C. 122, 154, 415 S.E.2d 732, 749 (1992), *cert. denied*, 506 U.S. 1055, 122 L. Ed. 2d 136, *reh'g denied*, 507 U.S. 967, 122 L. Ed. 2d 776 (1993) (*quoting State v. Albert*, 303 N.C. 173, 177, 277 S.E.2d 439, 441 (1981)). "Defendant cannot invalidate a trial by . . . eliciting evidence on cross-examination which he might have rightfully excluded if the same evidence had been offered by the State." *State v. Greene*, 324 N.C. 1, 12, 376 S.E.2d 430, 438 (1989), *sentence vacated on other grounds*, 494 U.S. 1022, 108 L. Ed. 2d 603 (1990) (*quoting State v. Chatman*, 308 N.C. 169, 177, 301 S.E.2d 71, 76 (1983)); *see State v. Syriani*, 333 N.C. 350, 378, 428 S.E.2d 118, 133, *cert. denied*, 510 U.S. 948, 126 L. Ed. 2d 341 (1993), *reh'g denied*, 510 U.S. 1066, 126 L. Ed. 2d 707 (1994). This assignment of error is overruled.

[3] In her final assignment of error, defendant contends the trial court erred in finding as an aggravating factor on the felony child abuse conviction that the victim was of a very young age since the victim's age had already been used as an element of the crime. Defendant relies on N.C. Gen. Stat. § 15A-1340.16(d) to assert that "[e]vidence necessary to prove an element of the offense shall not be used to prove any factor in aggravation . . . ." Here, defendant contends, since the age of the victim was an element of felonious child abuse, the trial judge was precluded from considering the victim's age

as an aggravating factor, *see* N.C. Gen. Stat. § 15A-1340.16(d)(11) (1997). The North Carolina Supreme Court held otherwise in *State v. Ahearn*, 307 N.C. 584, 300 S.E.2d 689 (1983).

For a conviction of felony child abuse (as of 1 January 1995), the State must prove that defendant is a parent or caregiver to a child less than sixteen years old and that defendant intentionally inflicted serious physical injury upon the child. N.C. Gen. Stat. § 14-318.4(a) (1993); *State v. Qualls*, 130 N.C. App. 1, 502 S.E.2d 31 (1998), *aff'd*, 350 N.C. 56, 510 S.E.2d 376 (1999). "The age of the victim, while an element of the offense, spans sixteen years, from birth to adolescence. The abused child may be vulnerable due to its tender age, and *vulnerability* is clearly the concern addressed by this factor." *Ahearn*, 307 N.C. at 603, 300 S.E.2d at 701 (emphasis in original).

N.C. Gen. Stat. § 15A-1340.16(d)(11) allows the trial court to find as an aggravating factor that the victim was "very young, or very old, or mentally or physically infirm, or handicapped." Here, the fact that Cheyenne was *very young* (3 weeks old) was "not an element necessary to prove felonious child abuse, and was therefore properly considered as an aggravating factor." *Ahearn*, 307 N.C. at 603, 300 S.E.2d at 701. This assignment of error is overruled.

We have reviewed the remaining assignments of error and find that they have been either abandoned or are without merit. Defendant received a fair trial, free of prejudicial error.

No error.

Judges JOHN and TIMMONS-GOODSON concur.