Though the majority is correct in concluding that plaintiff failed to prove that she contracted a compensable occupational disease, the undersigned believes the majority erred in failing to conclude in the alternative that plaintiff's psychological conditions are attributable to an injury by accident. In order to prove an injury by accident pursuant to N.C. Gen. Stat. § 97-2(6), all that is required to be shown is an unusual or unexpected occurrence in the course and scope of employment resulting in injury. Toler v. Black Decker, 134 N.C. App. 635,518 S.E.2d 547, 551 (1999); Jordan v. Central Piedmont CommunityCollege, 124 N.C. App. 112, 476 S.E.2d 410 (1996); Hinsley v.Cooperative, 246 N.C. 274, 278, 98 S.E.2d 289, 292 (1957); Cody v. SniderLumber Co., 96 N.C. App. 293, 385 S.E.2d 515 (1989) (rev'd on othergrounds, 328 N.C. 67, 399 S.E.2d 104 (1991); and Davis v. Raleigh RentalCenter, 58 N.C. App. 113, 292 S.E.2d 763 (1982).
Dr. Mallenbaum, plaintiff's treating psychologist, opined that plaintiff suffered a psychological trauma after the work-related incident with her supervisor on March 25, 1994, and her symptoms were caused or significantly aggravated by the incident. Dr. Mallenbaum further opined that the incident at work was a substantial contributing factor in the development of plaintiff's post-traumatic stress disorder. Thus, the evidence or record supports a finding that plaintiff suffered a psychological injury by accident when faced with the unexpected and sudden work-related confrontation with her supervisor on March 25, 1994. N.C. Gen. Stat. § 97-2(6); and Jordan v. Central Piedmont Community College,124 N.C. App. 112, 476 S.E.2d 410 (1996) rev, denied, 345 N.C. 753,485 S.E.2d 53 (1977). Further, the events of March 25, 1994, precipitated, triggered and/or caused plaintiff's present condition.Brewington v. Rigsbee Auto Parts, 69 N.C. App. 168, 316 S.E.2d 336
(1984).
The courts have held that work-related assaults and fights are deemed to "arise out of and in the course of employment" when the disagreement arises out of the work in which employees are engaged. Withers v. Black,230 N.C. 428, 53 S.E.2d 668 (1949); and Gallimore v. Marilyn's Shoes,292 N.C. 399, 233 S.E.2d 529 (1977). Thus, a psychological trauma resulting from an assault and battery by a supervisor against an employee is compensable. The term "arising out of" requires an employee to demonstrate a causal connection between the injury complained of and an accident that occurred in the course of employment. Buck v. Procter Gamble Manufacturing Co., 52 N.C. App. 88, 278 S.E.2d 268 (1981). The injury "arises out of' the employment when a causal connection between the conditions under which the work is required to be performed and the resulting injury is apparent to the rational mind upon consideration of all the circumstances. Robbins v. Nicholson, 281 N.C. 234, 188 S.E.2d 350
(1972).
Finally, there is no requirement that an injury should be foreseen if it resulted from the employment, nor does the employment have to be the sole cause of the injury. Robbins v. Nicholson, 1ON.C. App. 421,179 S.E.2d 183 (1971), rev'd on other grounds, 281 N.C. 234, 188 S.E.2d 350
(1972). The hazards of employment do not have to be the sole cause of a worker's injury in order for the worker to receive compensation for the full extent of his incapacity for work caused by the injury. Rutledge v.Tultex Kings Yarn, 308 N.C. 85, 301 S.E.2d. 359 (1983). Thus, despite evidence of additional stressors in plaintiff's life, it is clear from the evidence of record that plaintiff's work-related incident with her supervisor on March 25, 1994, was the triggering event that caused her post traumatic stress disorder and acute psychological conditions.
Where an on-the-job accident and ensuing depression have caused depression or other emotional disturbances, or post-traumatic neurosis has caused disability, then total disability benefits may be allowed.Hill v. Hanes Corp., 319 N.C. 167, 353 S.E.2d 392 (1987); Davis v.Edgecombe Metals Co., 63 N.C. App. 48, 303 S.E.2d 612 (1983); and Faynev. Fieldcrest Mills, Inc., 54 N.C. App. 144, 282 S.E.2d 539 (1981),cert. denied, 304 N.C. 725, 288 S.E.2d 380 (1982). The evidence of record supports a finding that plaintiff is permanently and totally disabled due to the work-related incident with her supervisor on March 25, 1994. Thus, the undersigned believes the majority erred in failing to conclude that such incident constitutes an injury by accident pursuant to N.C. Gen. Stat. § 97-2(6). For these reasons, I respectfully dissent.
This 24th day of March 2005.
 S/_____________ THOMAS J. BOLCH COMMISSIONER