1. The Full Commission filed an Opinion and Award herein on May 9, 2006, making a finding that plaintiff was entitled to a determination of permanent and total disability. Defendants have appealed that decision to the North Carolina Court of Appeals. However, that appeal does not deprive the Industrial Commission of jurisdiction over the subject matter of this motion. Unlike cases in the General Court of Justice, different issues arrive at different times in administering the North Carolina Worker's Compensation Act. The administration of the Act requires that issues not on appeal to a higher court be decided in a timely manner by the North Carolina Industrial Commission when raised by the parties. N.C. Gen. Stat. § 1-294; Herring vs. Pugh, 126 N.C. 852,858, 36 SE2d 287, 289 (1900).
2. Plaintiff was injured by accident arising out of and in the course of his employment on April 17, 2001, when he injured his back while lifting a heavy door.
 3. Plaintiff has been out of work since his injury. *Page 2 
4. Defendants accepted compensability of plaintiff's claim.
5. Plaintiff's family doctor has diagnosed depression and has prescribed Zoloft 100 mg per day for plaintiff. The depression is directly related to plaintiff's compensable injury. Plaintiff is in need of counseling and medication for his depression.
6. Plaintiff's family physician has strongly recommending counseling for plaintiff's mood and depression.
7. Plaintiff has asked that defendants provide this counseling and medication but his requests have been denied.
8. Plaintiff is entitled to such requested counseling and medication and any further treatment which may be necessary to effect a cure, provide relief or lessen his disability. Fayne vs. Fieldcrest Mills,Inc., 54 N.C. App. 144, 282 SE2d 392 (1987).
9. Defendants argue that because the pretrial agreement stated that one of the issues for hearing was, "What additional medical and disability compensation is plaintiff entitled to?", plaintiff's alleged need for counseling and medication for compensable depression was at issue and was heard and decided by the Deputy Commissioner in the first instance and the Full Commission on appeal and is therefore subsumed in defendants' appeal to the Court of Appeals. The record of the hearing before the Deputy Commissioner and the record on appeal to the Full Commission show otherwise.
The issues heard and decided by the Deputy Commissioner were:
 a) Whether plaintiff's pre-existing condition of his right knee has been aggravated as a result of his compensable back injury]
 b) Whether plaintiff is permanently and totally disabled as a result of his compensable back injury *Page 3 
 c) If so, what, if any, benefits is plaintiff entitled to receive under the North Carolina Workers' compensation Act?
 d) Is plaintiff required to participate in vocational rehabilitation?
The issues heard and decided by the Full Commission were:
 a. Whether plaintiff's pre-existing condition of his right knee has been aggravated as a result of his compensable back injury
 b. Whether plaintiff is permanently and totally disabled as a result of his compensable back injury
 c. If so, what, if any, benefits plaintiff is entitled to receive under the North Carolina Workers' Compensation Act.
 d. Whether plaintiff is required to participate in vocational rehabilitation.
It appearing that good cause exists and that plaintiff's motion should be allowed,
NOW, THEREFORE, IT IS ORDERED that defendants provide and pay for counseling and medication for plaintiff's depression.
Defendant shall pay the costs.
This 11th day of August 2006.
 S/____________________ THOMAS J. BOLCH COMMISSIONER *Page 1