CONNIE L. CARTER, Employee, Plaintiff,
v.
FRESENIUS MEDICAL CENTER, Employer,
CNA CLAIMPLUS, Carrier, Defendants.
No. COA08-1063
Court of Appeals of North Carolina.
Filed June 16, 2009
This case not for publication
Anderson & Anderson, by Michael J. Anderson, for plaintiff-appellant.
Teague, Campbell, Dennis & Gorham, L.L.P., by Bruce A. Hamilton and Julia S. Hooten, for defendant-appellees.
STROUD, Judge.
Plaintiff appeals an opinion and award by the Full Commission contending that the Full Commission erred in failing to address her alleged depression and in determining the time that she was temporarily totally disabled. For the following reasons, we remand.

I. Background
The Full Commission found that
1. On December 16, 2003, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant. Plaintiff was standing in front of a file cabinet in a confined space. Plaintiff testified that as a male co-worker, Mr. Stevenson, passed behind her that she felt him hit her in the back and was shoved against the filing cabinet. As a result, plaintiff felt an immediate onset of pain in her back as well as a loss of breath. Plaintiff testified that Mr. Stevenson then sat down on a stool, folded his arms, and gave plaintiff an intimidating look. Plaintiff told Mr. Stevenson that he had hurt her. Immediately following the incident, plaintiff was visibly upset. Plaintiff was performing her work duties at the time of the incident.
. . . .
4. On December 19, 2003, plaintiff obtained medical treatment at Primecare Medical Center. Wayne Tamberelli, a certified physician's assistant, examined plaintiff in connection with her request for back x-rays. Mr. Tamberelli's notes reflect that the plaintiff was upset, crying, fearful, and not sleeping. He diagnosed plaintiff as having a contusion to her mid back. Plaintiff was prescribed a muscle relaxant, advised to obtain medical follow-up care in two weeks, and allowed to return to work in a sedentary capacity.
5. On December 22, 2003, plaintiff obtained authorized medical treatment at Halifax Medical Center for neck and shoulder pain resulting from the December 16, 2003 injury by accident. Physician's Assistant, Phillip Ziady examined plaintiff. Mr. Ziady diagnosed plaintiff with a back contusion and neck and shoulder strain, and he prescribed a muscle relaxant. Mr. Ziady ordered conservative treatment intended to increase plaintiff's strength and range of motion with the intent of achieving reduced pain symptoms. He released plaintiff to return to work with light duty restrictions of not lifting more than 15-20 pounds and to avoid heavy lifting while performing activities as tolerated.
6. On January 16, 2004, Dr. James Kubley of the Roanoke Clinic, examined plaintiff for complaints of stiff neck, back pain, andnumbness in her legs resulting from the December 16, 2003 incident. Dr. Kubley, as a result of plaintiff's pain arising from the December 16, 2003 accident, removed plaintiff from work beginning January 16, 2004 through February 14, 2004. Plaintiff attended three physical therapy sessions until the insurance carrier stopped paying for plaintiff's medical treatment on or about January 12, 2004. Plaintiff actually returned to work early on February 2, 2004.
7. After December 16, 2003, plaintiff continued to experience pain that impaired her ability to work her job with defendant for a full eight-hour shift. Although she continued to clock in at work, there were occasions when she was unable to perform all of her job duties, so other co-workers would perform plaintiff's job duties for her.
8. On April 7, 2004, Dr. Kubley opined that plaintiff was unable to perform her duties for defendant or to perform any job duties as a result of the December 16, 2003 accident being the original source of her back injuries or the incident that aggravated any condition that may have been pre-existing.
9. On December 13, 2004, Dr. Miller initially treated plaintiff conservatively for her back pain. On December 29, 2004, after plaintiff's MRI results, which disclosed a lumbar disc herniation, after plaintiff's physical therapy session, and after plaintiff's pain relief from cortisone injections, Dr. Miller performed a laminectomy to relieve some of plaintiff's numbness, weakness, and pain. The surgery alleviated the lumbar disc compression of a nerve and relieved plaintiff's pain radiating down her legs. Dr. Miller opined to a reasonable degree of medical certainty, and the undersigned find, that plaintiff's herniated disc that caused plaintiff's back pain and other pain symptoms is a direct result from plaintiff's compensable December 16, 2003 work-related accident. Dr. Miller opined to a reasonable degree of medical certainty, and the undersigned find, that plaintiff's mid-back pain due to chronic soft tissue injury is a direct result of the December 16, 2003 work-related accident.
10. Beginning on December 29, 2004, Dr. Miller removed plaintiff from performing work to recover from her back surgery. On August 16, 2005, plaintiff performed a functional capacity evaluation (FCE). Dr. Miller then released plaintiff to return to work within the sedentary duty restrictions contained in the FCE, including no lifting over ten pounds. On September 15, 2005, Dr. Miller recommended that plaintiff receive pain management treatment because she had continuing pain. Dr. Miller assessed plaintiff as having a thirteen percent (13%) permanent partial disability rating to the back as a result of the December 16, 2003 incident resulting in surgery with ongoing pain. Dr. Miller has discontinued his active care of plaintiff for her back.
11. Dr. Kubley continued to treat plaintiff on an intermittent basis as a result of her continuing stiff neck and lower back pain. Dr. Kubley opined to a reasonable degree of medical certainty, and the undersigned finds, that plaintiff's herniated discs were caused by the December 16, 2003 work-related accident. Dr. Kubley opined to a reasonable degree of medical certainty, and the undersigned find that plaintiff's stiff neck and lower back pain are caused by the herniated discs. Dr. Kubley also opined that plaintiff has developed depression as a result of her continuing pain and that plaintiff is unable to perform any type of work arising from the December 16, 2003 work-related accident.
12. Although Dr. Kubley opined that plaintiff is unable to perform any type of work arising from her December 16, 2003 work-related accident, the Full Commission gives greater weight to the testimony and opinion of Dr. Miller.
13. Following the 2005 FCE allowing plaintiff to return to sedentary work with restrictions, plaintiff failed to look for work. The Full Commission finds that plaintiff was temporarily totally disabled for the periodsof January 16, 2004 through February 1, 2004 and December 29, 2004 through September 15, 2005.
Based on its findings, the Commission concluded:
1. On December 16, 2003, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant which resulted in plaintiff suffering a back and neck injury. As a result of the December 16, 2003 injury by accident, plaintiff also sustained a shoulder injury. . . .
2. As a result of her injuries, plaintiff is entitled to compensation for temporary total disability for the periods January 16, 2004 through February 1, 2004 and December 29, 2004 through September 15, 2005 payable by defendants at the rate of $220.00 per week. . . .
3. As plaintiff is capable of some work but has failed to seek suitable employment, plaintiff has failed to meet her burden of proof that she is disabled as a result of her compensable injury beyond September 15, 2005. . . .
4. Plaintiff is entitled to receive payment for medical treatment for her compensable injuries which are reasonably required to effect a cure, provide relief and/or lessen her period of disability. . . .
5. As a result of her compensable injury, plaintiff has sustained a thirteen percent (13%) permanent disability to her back. . . .
Defendant was ordered to pay, inter alia, (1) "temporary total disability compensation to plaintiff at the rate of $220.00 per week from January 16, 2004 through February 1, 2004 and December 29, 2004 through September 15, 2005[,]" (2) "for all medical expenses incurred or to be incurred by plaintiff as a result of her compensable injury for so long as such evaluations, treatments, and examinations may reasonably be required to effect a cure, give relief and/or lessen plaintiff's period of disability[,]" and (3) "permanent partial disability of thirteen percent (13%) to her back. Plaintiff is entitled to 39 weeks of temporary total disability benefits at the rate of $220.00 per week." Plaintiff appeals.

II. Standard of Review
Our review of a decision of the Industrial Commission is limited to determining whether there is any competent evidence to support the findings of fact, and whether the findings of fact justify the conclusions of law. The findings of the Commission are conclusive on appeal when such competent evidence exists, even if there is plenary evidence for contrary findings. This Court reviews the Commission's conclusions of law de novo. Egen v. Excalibur Resort Prof'l, ___ N.C. App. ___, ___, 663 S.E.2d 914, 918 (2008) (citation omitted).

III. Plaintiff's Depression
Plaintiff contends that "[t]he Full Commission accepted Dr. Kubley's expert opinion that her accident caused her injury. However, the Commission ignored his opinion that her depression and pain was and still is disabling." Plaintiff argues that "the only doctor who considered [her] disability relating to her depression was Dr. Kubley. The record contained no conflicting evidence regarding this issue[;]" therefore, "the case should be remanded for additional findings regarding the extent of [plaintiff's] disability." We agree. "[I]f an employee receives an injury which is compensable and the injury causes her to become so emotionally disturbed that she is unable to work, she is entitled to compensation for total incapacity under G.S. 97-29." Fayne v. Fieldcrest Mills, Inc., 54 N.C. App. 144, 146, 282 S.E.2d 539, 540 (1981), disc. review denied, 304 N.C. 725, 288 S.E.2d 380 (1982); see Hill v. Hanes Corp., 319 N.C. 167, 174, 353 S.E.2d 392, 397 (1987) (determining "an employee may be compensated for both a scheduled compensable injury under N.C.G.S. § 97-31 and total incapacity for work under N.C.G.S. § 97-29 when the total incapacity is caused by a psychiatric disorder brought on by the scheduled injury"). Furthermore, "specific findings by the Commission with respect to the crucial facts, upon which the question of plaintiff's right to compensation depends, are required." Morgan v. Thomasville Furniture Indus., Inc., 2 N.C. App. 126, 128, 162 S.E.2d 619, 620 (1968) (citations omitted).
Dr. Kubley testified in his deposition that plaintiff's physical incapacities and pain had caused plaintiff to develop depression and that plaintiff was unable to perform any type of work. Dr. Miller testified in his deposition that plaintiff could work and he released her to do so with restrictions, but made no statements regarding plaintiff's alleged depression. The only mention of depression within the Commission's opinion and award provides, "Dr. Kubley also opined that plaintiff has developed depression as a result of her continuing pain . . . ." However, the Commission failed to address whether it found this testimony credible. Though the Commission gave "greater weight" to the testimony of Dr. Miller, it did find portions of Dr. Kubley's testimony credible and relied upon it within its findings; however, the Commission made no findings regarding plaintiff's alleged depression. As the Commission failed to make findings of fact regarding the crucial issue of plaintiff's alleged depression, we remand this case for further findings of fact. See Fayne at 146, 282 S.E.2d at 540; Morgan at 128, 162 S.E.2d at 620.

IV. Conclusion
As we are remanding this case for further findings of fact regarding plaintiff's alleged depression, we need not address plaintiff's other contention regarding the time she has been temporarily totally disabled as the Commission's findings as to plaintiff's alleged depression may be dispositive of this issue.
REMANDED.
Judges CALABRIA and ELMORE concur.
Report per Rule 30(e).