FRANK CANNIZZARO, EMPLOYEE, PLAINTIFF v. FOOD LION, EMPLOYER, SELF-INSURED, (RISK MANAGEMENT SERVICES, INC., SERVICING AGENT), DEFENDANT

No. COA08-1381

(Filed 4 August 2009)

**Workers' Compensation— work-related injury—psychological condition**

The Industrial Commission did not err in a workers' compensation case by determining that plaintiff's current psychological condition was caused by a compensable work-related injury and by awarding total disability compensation because: (1) although the doctors disagreed as to whether plaintiff suffered from a conversion/somatoform disorder, both doctors agreed that plaintiff suffered from a mild traumatic brain injury; (2) both doctors agreed that plaintiff's clinical presentation did not indicate malin-

gering, and both doctors agreed that the symptoms plaintiff was experiencing were related to his work injury; (3) although defendant contends Dr. Stein, a licensed psychologist with a doctorate in neurological and cognitive psychology, was not sufficiently qualified to render an opinion as to the causation of plaintiff's current symptoms and diagnosis and that he did not provide competent medical testimony, his experience in treating individuals with traumatic brain injuries was sufficient to qualify him to give expert medical testimony on the cause of plaintiff's condition; and (4) although defendant contends there was conflicting evidence regarding plaintiff's condition, the Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony.

Appeal by defendant from opinion and award entered 10 July 2008 by the North Carolina Industrial Commission. Heard in the Court of Appeals 21 May 2009.

*Brumbaugh, Mu & King, P.A., by Angela D. Vandivier-Stanley, for plaintiff-appellee.*

*Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by Vachelle Willis and Dana C. Moody, for defendant-appellants.*

BRYANT, Judge.

Food Lion (defendant) appeals from an Opinion and Award determining plaintiff Frank Cannizzaro's current psychological condition was caused by a compensable, work-related injury and awarding plaintiff total disability compensation. We affirm.

*Facts*

Plaintiff worked for defendant as a truck driver. On 19 December 2003, plaintiff was unloading stock when a box of Gatorade fell from two feet above his head and struck plaintiff in the center of his forehead. Plaintiff fell to the floor, hit the back of his head, and was knocked unconscious for approximately five minutes. Plaintiff was transported to Pender Memorial Hospital emergency department, then transferred to the New Hanover Medical Center where x-rays of plaintiff's spine and left shoulder were obtained. Both x-rays indicated normal results. CT scans of plaintiff's brain and chest were also conducted and normal results were indicated. Plaintiff was diagnosed with a concussion and neck strain and was kept at the hospital overnight for observation.

On 23 December 2003, plaintiff presented to the Cape Fear Valley Health System emergency department complaining that he was experiencing pain on the top of his head. Plaintiff was diagnosed with head injury, status post mild concussion syndrome and released.

On 4 February 2004, plaintiff began treatment with Dr. Bruce Solomon, a neurologist practicing with Pinehurst Neurology, P.A. Plaintiff complained of several ailments including an inability to speak; recurring severe headache; pain behind his right eye and in his upper extremities; muscle spasms; and mild memory deficiencies. Plaintiff also indicated he was unable to return to work. After completing a physical examination, Dr. Solomon diagnosed plaintiff as suffering from post-concussive syndrome and recommended that plaintiff undergo speech therapy and receive a neuropsychological evaluation.

Over the course of the next few months, plaintiff continued to receive treatment from Dr. Solomon who prescribed pain medicine for plaintiff's headaches and recommended that plaintiff undergo an MRI scan to determine the source of the pain plaintiff was experiencing behind his right eye. The results of the MRI scan revealed no cause of plaintiff's pain. Plaintiff thereafter began to see some improvement and received normal neurological examination results. Dr. Solomon recommended that plaintiff undergo a formal driving evaluation before returning to work and, on 2 August 2004, released plaintiff to return to full work duty. Plaintiff began working on 3 August 2004.

On 22 October 2004, plaintiff underwent a medical exam by Dr. Pamela Jessup for a DOT driving test. The exam revealed no abnormal findings and Dr. Jessup cleared plaintiff to drive. Plaintiff continued to drive for defendant until 10 February 2005 when plaintiff's family physician, Dr. Cammie Fulp, wrote plaintiff out of work for an undetermined period of time for treatment of diabetes, depression and cervical radiculopathy. On 11 February 2005, plaintiff was seen by Dr. Szwejbka who determined plaintiff had no signs of spinal cord injury or polyradiculopathy and that based on the MRI report, there was no specific etiology for plaintiff's symptoms.

Plaintiff traveled to Lancaster, Pennsylvania on 15 March 2005 where he was seen by Dr. Robert Stein, a clinical neuropsychologist. Dr. Stein conducted an evaluation of plaintiff and determined that plaintiff's symptoms were caused by a traumatic brain injury.

In October of 2005, plaintiff was treated by Dr. C. Thomas Gaultieri, a neuropsychologist. Although plaintiff complained of severe headaches, neck and back pain, fatigue, memory problems, depression symptoms, and mood swings, Dr. Gaultieri determined there was no neurological evidence that plaintiff had suffered a brain injury. Dr. Gaultieri diagnosed plaintiff as having conversion disorder, a psychiatric disorder where emotional and psychological problems coalesce and are expressed through physical symptoms.

Defendant paid plaintiff disability through 3 August 2004. Plaintiff was taken out of work on 10 February 2005 and did not return. On 16 November 2005, plaintiff filed a Form 33 Request for Hearing alleging that he was entitled to temporary total disability benefits and medical compensation. Defendant contended plaintiff's current condition was unrelated to plaintiff's original compensable injury and denied compensation.

On 5 January 2007, plaintiff's claims came on for hearing before Deputy Commissioner Wanda Blanche Taylor. Deputy Commissioner Taylor filed an opinion and award concluding plaintiff suffered a closed head injury and was entitled to temporary total disability compensation. Defendant appealed to the Full Commission.

On 10 July 2008, the Full Commission filed an opinion and award affirming Deputy Commissioner Taylor's opinion and award with some modifications. Defendant appeals.

---

On appeal, defendant argues: (I) the Commission erred by concluding plaintiff's current psychiatric condition was caused by his work related injury; (II) if the Commission erred by concluding plaintiff's current condition was caused by his work-related injury, plaintiff is not entitled to additional medical compensation; and (III) if the Commission erred by concluding plaintiff's current condition was caused by his work-related injury, plaintiff is not entitled to additional temporary total disability benefits.

### Standard of Review

"Our review of the Commission's opinion and award is limited to determining whether competent evidence of record supports the findings of fact and whether the findings of fact, in turn, support the conclusions of law." *Rose v. City of Rocky Mount*, 180 N.C. App. 392, 395, 637 S.E.2d 251, 254 (2006), *review denied*, 361 N.C. 356, 644 S.E.2d 232 (2007). The Commission's findings "are conclusive on appeal

when supported by competent evidence, even though there is evidence that would have supported findings to the contrary." *Hollman v. City of Raleigh*, 273 N.C. 240, 245, 159 S.E.2d 874, 877 (1968). The Commission makes the finding of facts and "is the sole judge of the credibility of the witnesses and the weight to be given their testimony." *Adams v. AVX Corp.*, 349 N.C. 676, 680, 509 S.E.2d 411, 413 (1998) (citations and quotations omitted).

I

Defendant argues the Full Commission erred by concluding that plaintiff's current condition was caused by his injury by accident that occurred on 19 December 2003. Defendant challenges the following finding of fact made by the Full Commission:

> 28. The Commission gives greater weight to the expert opinions of Dr. Stein and to Dr. Gualtieri to the extent that his opinions are consistent with those of Dr. Stein, than to the opinions of Dr. Schmickley and Ms. Montgomery. Therefore, the Commission finds by the greater weight of the evidence that plaintiff's psychiatric conditions are causally related to the compensable injury by accident and are therefore compensable.

Defendant contends the Commission's finding is not supported by competent evidence in the record. Specifically, defendant contends that because Dr. Stein's opinion conflicted with Dr. Gaultieri's opinion regarding the cause of plaintiff's symptoms, the Commission's finding did not "make sense" since the opinions of the doctors were inconsistent.

Our review of the deposition testimony of both doctors, however, does not reveal that their opinions were wholly inconsistent. Indeed, although the doctors disagreed as to whether plaintiff suffered from a conversion/somatoform disorder, both doctors agreed that plaintiff suffered from a mild traumatic brain injury. Also, both doctors agreed that plaintiff's clinical presentation did not indicate malingering. More significantly, both doctors agreed that the symptoms plaintiff was experiencing were related to his work injury. Based on the doctors' deposition testimonies, the Commission's finding of fact number 28 was supported by competent evidence.

We note that defendant cites *Brewington v. Rigsbee Auto Parts*, 69 N.C. App. 168, 316 S.E.2d 336 (1984), in support of its argument that "conversion disorder/somatoform disorder is not a compensable condition when a workplace accident is merely a triggering event and

not the cause of the psychological condition." In *Brewington*, the plaintiff's back was injured when he slipped and fell at work. *Id.* at 168, 316 S.E.2d at 337. Subsequently, although his treating physicians could find no outward signs of physical injury, the plaintiff became paralyzed. The Commission found that the plaintiff's condition was not caused by the work related injury and denied the plaintiff's request for workers' compensation benefits. *Id.* This Court reviewed the record before it and determined the Commission's finding that the plaintiff's paralysis was not caused by the work accident was supported by competent evidence. *Id.* at 170, 316 S.E.2d at 338.

Like the instant case, the *Brewington Court* was tasked with determining whether competent evidence supported the Commission's findings. Unlike the instant case, the Commission in *Brewington* found that the plaintiff's condition was *not* caused by the work accident and, although conflicting evidence was presented, there was competent evidence to support the Commission's finding. Here, the Commission found that plaintiff's condition *was* caused by the work-related accident. This Court must now determine whether competent evidence supports the Commission's finding.

Defendant essentially asks this Court to depart from the well-settled rule that our review of an opinion and award by the Industrial Commission *does not* involve re-weighing the evidence and determining which of two conflicting testimonies should be relied upon. *See Rose*, 180 N.C. App. at 395, 637 S.E.2d at 254 (review is limited to determining whether findings were supported by competent evidence and, in turn, support the conclusions of law). The Commission alone is tasked with finding the facts and solely judges "the credibility of the witnesses and the weight to be given their testimony." *Adams*, 349 N.C. at 680, 509 S.E.2d at 413.

Defendant contends no competent medical evidence supports the Commission's conclusion that plaintiff's condition was caused by his work-related injury. Specifically, defendant argues Dr. Stein was not "sufficiently qualified to render an opinion as to the causation of Plaintiff's current symptoms and Plaintiff's current diagnosis" and that Dr. Stein's testimony was not competent medical testimony. We disagree.

During his deposition testimony, Dr. Stein testified that in his opinion, to a reasonable degree of medical certainty, plaintiff's chronic pain was directly related to the injury plaintiff sustained on 19 December 2003. Defendant argues that Dr. Stein was not suffi-

ciently qualified to give an opinion on the cause of plaintiff's condition because Dr. Stein "has a doctorate in neurological and cognitive psychology" and is not a medical physician.

Opinion testimony given by an expert witness is competent when evidence is presented showing "that, through study or experience, or both, the witness has acquired such skill that he is better qualified than the jury to form an opinion on the particular subject of his testimony." *Terry v. PPG Industries, Inc.*, 156 N.C. App. 512, 518-19, 577 S.E.2d 326, 332 (2003) (holding a licensed clinical psychologist was competent to give an opinion on whether the plaintiff was unable to return to work because of her pain). "The qualifications of a medical expert are judged according to the same standards as those of expert witnesses in general: The common law does not require that the expert witness on a medical subject shall be a person *duly licensed to practice medicine*." *Maloney v. Hospital Systems*, 45 N.C. App. 172, 178, 262 S.E.2d 680, 683, *disc. review denied*, 300 N.C. 375, 267 S.E.2d 676 (1980) (quoting 2 Wigmore on Evidence § 569, pp. 667-68 (3d ed.1940)) (emphasis in original).

Dr. Stein testified that he was a licensed psychologist with a doctorate in neurological and cognitive psychology. Dr. Stein served as the director of a brain injury rehabilitation center for six years after which he started a private practice where half of his clientele were individuals who had experienced traumatic brain injury. Because of Dr. Stein's experience in treating individuals with traumatic brain injuries, we hold Dr. Stein was sufficiently qualified to give expert medical testimony on the cause of plaintiff's condition.

Having determined that Dr. Stein's opinion regarding the cause of plaintiff's current condition was competent evidence, we hold the Full Commission's conclusion that plaintiff's current condition was caused by the work-related injury is supported by the findings. Although Dr. Gaultieri testified that in his opinion, plaintiff's current condition was not directly related to the injury sustained by plaintiff, the Commission "is the sole judge of the credibility of the witnesses and the weight to be given their testimony." *Adams*, 349 N.C. at 680, 509 S.E.2d at 413 (citations and quotations omitted). Defendant's assignment of error is overruled.

## II & III

For the reasons stated herein, we need not address defendant's remaining arguments. Therefore, the opinion and award of the Full Commission is affirmed.

Affirmed.

Judges CALABRIA and ELMORE concur.